OPINION OF THE COURT
Titone, J.
In this products liability action, defendant and third-party plaintiff, Proctor & Schwartz, Inc. (Proctor), appeals from an order of the Appellate Division, First Department, which affirmed an order of the Supreme Court, New York County, granting a motion made by third-party defendant, Comet Fibers, Inc. (Comet), to dismiss a cause of action seeking indemnification. The issue is whether a manufacturer of a defective product may obtain indemnification from the purchaser where the sales contract contains a provision requiring the purchaser to install certain safety devices and the purchaser’s employee, who is injured by the failure to properly install such devices, brings an action against the manufacturer predicated on the manufacturer’s marketing of a machine that is not reasonably safe. We hold that indemnification may not be obtained in such circumstances.
Plaintiff Hector Rosado was employed by Comet as one of the three operators of a garnett, a machine used in the textile industry to convert clumped fibers into a form of matting. The machine contains a series of massive chains and pulleys that operate the gears and rollers which straighten the fiber in the correct direction.
*23 Comet purchased the garnett from Proctor in 1970. The contract of sale required Comet to install all "necessary guards for the exposed moving parts of the machine in accordance with the laws of the district in which the machine is to be located” as well as to "supply disconnect switches as required.”
When delivered, the machine had no safety devices. Comet installed a mesh fence around the gear and pulley area, but there was a gap of two to three feet between the gate and the machine, and the gate had several broad doors. When these doors were opened, all the pulleys, chains and gears were exposed. There was only a simple latch on the gate, without any interlock, or other machine cutoff at the gate area. The garnett thus would be fully operative with the gate open, and it appears that it was customary for the workers to operate it in that manner.
A few moments before closing time on September 9,1976, the plaintiff was instructed to rake the droppings around the machine. To do so, he was required to kneel next to the machine and, using a rake, pull debris from underneath. The plaintiff suddenly heard what he described as a "terrible noise” and immediately tried to stand up. Moving away, he hit his back on the fence and was caused to rebound in such a fashion that his right hand came into contact with unprotected chain and gears, severing his thumb and fingers.
Plaintiff Rosado commenced a suit against Proctor which, in turn, brought a third-party action against Comet, seeking contribution and indemnity. The indemnification claim, the subject of this appeal, was dismissed by Trial Term on the eve of trial. Comet then consummated a settlement agreement with plaintiff, thus foreclosing Proctor’s claim for contribution (see, General Obligations Law § 15-108).
Proctor thereafter settled with plaintiff subsequent to the commencement of trial but prior to verdict. Proctor then appealed from the dismissal of its claim for indemnification. The Appellate Division, First Department, affirmed, by a divided court, and Proctor, having abandoned the claim for contribution thereby rendering the order final (CPLR 5611; see, Cohen and Karger, Powers of the New York Court of Appeals §§ 20, 21 [rev ed]), appeals as of right (CPLR 5601 [a] [i]). We affirm.
To place the issue before us in focus, it is useful to restate the important substantive distinctions between contribution and indemnity. Basically, in contribution the loss is distributed among tort-feasors, by requiring joint tort-feasors to pay a proportionate share of the loss to one who has discharged their joint liability, *24 while in indemnity the party held legally liable shifts the entire loss to another (see, D’Ambrosio v City of New York, 55 NY2d 454, 460-461; McDermott v City of New York, 50 NY2d 211, 216-217; Rock v Reed-Prentice Div., 39 NY2d 34, 38-39; McFall v Compagnie Mar. Belge [Lloyd Royal], S.A., 304 NY 314, 327-328; Prosser and Keeton, Torts § 51, at 341 [5th ed]; Siegel, NY Prac § 169). Contribution arises automatically when certain factors are present and does not require any kind of agreement between or among the wrongdoers (Siegel, NY Prac § 169). Indemnity, on the other hand, arises out of a contract which may be express or may be implied in law "to prevent a result which is regarded as unjust or unsatisfactory” (Prosser and Keeton, op. cit., at 341; see, McFall v Compagnie Mar. Belge [Lloyd Royal], S.A., supra, at pp 327-328; Garrett v Holiday Inns, 86 AD2d 469, mod on other grounds 58 NY2d 253; Tipaldi v Riverside Mem. Chapel, 273 App Div 414, affd 298 NY 686; Restatement [Second] of Torts § 886B).
Implied indemnity is frequently employed in favor of one who is vicariously liable for the tort of another (see, e.g., Rogers v Dorchester Assoc., 32 NY2d 553), but the principle is not so limited and has been invoked in other contexts as well (see, e.g, McDermott v City of New York, 50 NY2d 211, supra; McFall v Compagnie Mar. Belge [Lloyd Royal], S.A., 304 NY 314, supra; Garrett v Holiday Inns, supra, at p 471; Tipaldi v Riverside Mem. Chapel, supra). Nonetheless, "an indemnity cause of action can be sustained only if the third-party plaintiff and the third-party defendant have breached a duty to plaintiff and also if some duty to indemnify exists between them” (Garrett v Holiday Inns, supra, at p 471).
The distinctions between contribution and indemnity take on added importance in settlement negotiations. In order to remove a disincentive to settlement, the Legislature amended General Obligations Law § 15-108 (L 1974, ch 742) to provide that a settling tort-feasor can neither obtain, nor be liable for, a contribution claim (see, Mitchell v New York Hosp., 61 NY2d 208, 215; Mielcarek v Knights, 50 AD2d 122; 1974 NY Legis Ann, at 15; Occhialino, Contribution, Nineteenth Ann Report of NY Judicial Conference, 1974 NY Legis Doc No. 90, at 217; McLaughlin, Practice Commentary, McKinney’s Cons Laws of NY, Book 23 A, General Obligations Law § 15-108, pp 717-718). Inasmuch as an entire shifting of the loss to another would not act as a disincentive to settlement or necessitate an examination of relative degrees of fault, indemnification claims are not barred (McDermott v City of New York, 50 NY2d 211, 218-219, supra; Riviello v Waldron, 47 NY2d 297). A party who has settled and seeks what it character *25 izes as indemnification thus must show that it may not be held responsible in any degree. The statutory bar to contribution may not be circumvented by the simple expedient of calling the claim indemnification (County of Westchester v Becket Assoc., 66 NY2d 642, affg 102 AD2d 34, 47; Siffin v Rambuski, 87 AD2d 979). (See generally, Davis, Comparative Negligence, Comparative Contribution, and Equal Protection in the Trial and Settlement of Multiple Defendant Product Cases, 10 Ind L Rev 831; Comment, Comparative Negligence, Multiple Parties, and Settlements, 65 Cal L Rev 1264).
Proctor recognizes, as it must, that by virtue of the settlement agreements, any claim for contribution has been statutorily extinguished, and also seems to accept that no basis for contractual indemnity exists since Comet did not explicitly agree to indemnify or hold it harmless from product liability claims (see, Vey v Port Auth., 54 NY2d 221, 226-227; Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153; Margolin v New York Life Ins. Co., 32 NY2d 149, 153; Levine v Shell Oil Co., 28 NY2d 205; 1 NY PJI2d 616). Proctor argues, however, that the entire loss may be shifted to Comet on an implied indemnity theory. It contends that Comet was primarily responsible for plaintiff’s injury because it failed to properly install the safety devices as it was contractually obligated to do. According to Proctor, strict products liability is a species of liability without fault, so that even if its duty to manufacture and market a reasonably safe product is nondelegable, it may still recover its entire loss from its delegate if the jury were to conclude that it was otherwise blameless (see, Kemp v Lakelands Precast, 55 NY2d 1032; Kelly v Diesel Constr., 35 NY2d 1, 6; Abram v Lyon Steel Rigging Corp., 111 AD2d 291, 294). Alternatively, Proctor urges that Comet undertook a duty to install the appropriate safety devices under the sales contract, and that Comet’s breach of duty caused the loss, so that the equities compel that it be made whole. Neither premise is sound.
A strict products liability action is not analogous to vicarious liability, resulting in the imposition of liability without regard to fault. A manufacturer is held accountable as a wrongdoer, and, while the proof that must be adduced by a plaintiff is not as exacting as it would be in a pure negligence action, a prima facie case is not established unless it is shown, among other things, that in relation to those who will use it, the product was defective when it left the hands of the manufacturer because it was not reasonably safe (see, Cover v Cohen, 61 NY2d 261, 270; Steckal v Haughton Elevator Co., 59 NY2d 628; Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107-108; Robinson v Reed-Prentice Div., 49 NY2d 471, *26 478-479; Micallef v Miehle Co., 39 NY2d 376, 385; Codling v Paglia, 32 NY2d 330, 341; Prosser and Keeton, op. cit. § 103; 1 NY PJI2d 169 [1984 Supp]). Any analogy to vicarious liability under the Labor Law (Allen v Cloutier Constr. Corp., 44 NY2d 290), respondeat superior, or the Vehicle and Traffic Law — instances in which liability is fixed upon another without regard to any volitional act — is clearly flawed.
In support of its argument that a duty to indemnify arises out of Comet’s contractual undertaking to install safety devices, Proctor points to Proctor & Schwartz v United States Equip. Co. (624 F2d 771), a case in which the United States Court of Appeals for the Sixth Circuit, applying what it perceived to be Michigan law, sustained a similar implied indemnity claim brought by Proctor. The purchaser there had agreed " 'to perform a certain service or furnish a product’ ” to the seller (624 F2d, at p 774), and the Sixth Circuit reasoned, in essence, that the purchaser was in the best position to know local law and to install appropriate safety devices. The holding has been followed by the Michigan Court of Appeals (Skinner v D-M-E Corp., 124 Mich App 580, 335 NW2d 90, 94; Cutter v Massey-Ferguson, Inc., 114 Mich App 28, 318 NW2d 554, 556-557), but it appears contrary to established law elsewhere (e.g., Bradford v Bendix-Westinghouse Automotive Air Brake Co., 33 Col App 99, 517 P2d 406, 415; Products Liability— Right to Indemnity, Ann., 28 ALR3d 943, 981 § 9 [a]),* and we reject it.
Contrary to Proctor & Schwartz v United States Equip. Co. (supra), we hold that where, as here, the manufacturer is in the best position to know the dangers inherent in its product, and the dangers do not vary depending on jobsite, it is also in the best position to determine what safety devices should be employed (see, Robinson v Reed-Prentice Div., 49 NY2d 471, 480-481, supra; Codling v Paglia, 32 NY2d 330, 340-341, supra; cf. Biss v Tenneco, Inc., 64 AD2d 204, 207-208, lv denied 46 NY2d 711). Preventing injuries in the first place is the primary public policy underlying the doctrine of strict products liability. To allow a manufacturer like Proctor, which sells a product like a garnett with no safety devices, to shift the ultimate duty of care to others through boilerplate language in a sales contract, would erode the economic in *27 centive manufacturers have to maintain safety and give sanction to the marketing of dangerous, stripped down, machines. This we decline to do.
McDermott v City of New York (50 NY2d 211, supra) offers no support for Proctor. In that case, the manufacturer breached a duty to the injured plaintiff by supplying defective equipment to his employer, the City of New York. We held that the city was entitled to indemnification for the damages that it had to pay on account of the manufacturer’s breach of duty. Our holding rested on the duty running from the manufacturer to the employee (McDermott v City of New York, supra, at p 219).
Here, Proctor seeks the converse. Proctor breached its duty to Comet’s employee and seeks to recover from Comet básed upon the contract between them. Unlike the manufacturer in McDermott, whose malfeasance compelled the city to pay damages to its employee, the damages Proctor is compelled to pay stem from its own wrong and there is no unjust enrichment on Comet’s part. As Justice Fein observed below, at best Comet’s failure to supply the safety devices amounted to a separate breach of contract, and inasmuch as there can be no liability for contractual indemnification unless it is explicitly assumed (Vey v Port Auth., 54 NY2d 221, 226-227, supra; Margolin v New York Life Ins. Co., 32 NY2d 149, supra; Levine v Shell Oil Co., 28 NY2d 205, supra), there should similarly be no basis for implied indemnity (see, Jackson v Long Is. Light. Co., 59 AD2d 523, 524).
For these reasons, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order affirmed, with costs.

 Parenthetically, the sales contract in this case provides that Pennsylvania law is to govern its construction and interpretation. Neither party has addressed the choice of law question and has assumed that New York law should control. Although we decline to reach that issue on our own, we would note that, under Pennsylvania law, no third-party action could be pursued against Comet (see, Heckendorn v Consolidated Rail Corp., 502 Pa 101, 465 A2d 609).