OPINION OF THE COURT
Titone, J.
A tort-feasor’s claim for reimbursement against a succes *645 sive, independent tort-feasor whose negligence aggravated the injured plaintiffs damages is one in the nature of contribution, not indemnification. Consequently, General Obligations Law § 15-108 (c), which governs the effect of settlement on contribution but not indemnification causes of action, operates to bar the assertion of such claims by a tort-feasor who has settled with the injured plaintiff.
On November 18, 1982, plaintiff Carol Glaser fell and fractured her knee while she was in the Long Island store operated by defendant M. Fortunoff of Westbury Corp. Glaser was initially taken by ambulance to a local medical center, but was subsequently transferred to New Rochelle Hospital Medical Center, where she underwent surgery. Following this surgery, she developed congestive heart failure and suffered brain damage. Glaser and her husband subsequently commenced an action against Fortunoff alone, claiming damages for all of her injuries, including those that had occurred at the New Rochelle Hospital Medical Center. Fortunoff, in turn, served a third-party complaint on Salvatore Orsini and Drs. George Froehlich and Jaime Javier, each of whom had treated Glaser at New Rochelle.[1] This third-party complaint demanded that the third-party defendants "indemnify [Fortunoff] in whole or in part” for any damages it was obliged to pay Glaser.
Fortunoff ultimately settled with Glaser and obtained a release in the main action. Thereafter, Orsini, Froehlich and Javier moved to dismiss Fortunoffs third-party complaint against them, arguing that the action was barred under General Obligations Law § 15-108 (c). Special Term agreed with the third-party defendants’ position and dismissed Fortunoffs complaint against them. The Appellate Division affirmed, stating that under the statute the third-party action, "which pleads a cause of action sounding in contribution, rather than indemnification, is barred.” Having granted Fortunoff permission to appeal to this court, we now affirm.
Section 15-108 (c) of the General Obligations Law provides: "A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.” Enacted in 1974 in conjunction with the enactment of CPLR article 14 (L 1974, ch 742) which codified Dole v Dow Chem. *646 Co. (30 NY2d 143; see, Mitchell v New York Hosp., 61 NY2d 208), General Obligations Law § 15-108 applies to claims for contribution but not to those seeking to vindicate a party’s pre-Dole common-law right of indemnification (Rosado v Proctor & Schwartz, 66 NY2d 21, 24-25; McDermott v City of New York, 50 NY2d 211; see, CPLR 1404 [b]; see also, Riviello v Waldron, 47 NY2d 297; Rogers v Dorchester Assocs., 32 NY2d 553, 566; see, 20th Ann Report of NY Jud Conf, at 222-223). Accordingly, FortunofPs right to recover from the third-party defendants after having settled its own liability dispute with the injured plaintiff depends upon whether its claim is more accurately characterized as one for common-law indemnification or one for contribution (see, e.g., Rosado v Proctor & Schwartz, supra).
Although the distinction is often critical, the proper characterization of third-party claims has often caused confusion (see, Rogers v Dorchester Assocs., supra, at 565, n 2; see generally, McLaughlin, 1979 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C1402:2, at 124 [1988 Cum Ann Pocket Part]). The parties’ designation of the claim is not, of course, controlling (Rosado v Proctor & Schwartz, supra, at 25; County of Westchester v Becket Assocs., 102 AD2d 34, 47, affd 66 NY2d 642). Rather, "[w]hether apportionment or common-law indemnity should be applied in a given case * * * requires a careful analysis of the theory of recovery against each tort-feasor” (Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 568).
The conceptual distinction between contribution and common-law indemnification claims has often been discussed and is by now familiar to most practitioners. In the "classic indemnification case,” the one seeking indemnity "had committed no wrong, but by virtue of some relationship with the tort-feasor or obligation imposed by law, was nevertheless held liable to the injured party” (D’Ambrosio v City of New York, 55 NY2d 454, 461). In other words, "where one is held liable solely on account of the negligence of another, indemnification, not contribution, principles apply to shift the entire liability to the one who was negligent” (id, at 462; see, Guzman v Haven Plaza Hous. Dev. Fund Co., supra; Rogers v Dorchester Assocs., supra, at 565, n 2). Conversely, where a party is held liable at least partially because of its own negligence, contribution against other culpable tort-feasors :is the only available remedy (see, Rosado v Proctor & Schwartz, supra, at 24-25; County of Westchester v Becket Assocs., 102 *647 AD2d 34, 46, affd 66 NY2d 642, supra). Accordingly, where a party who has settled seeks to avoid the bar to reimbursement posed by General Obligations Law § 15-108 (c), that party must show that "it may not be held responsible in any degree” for the plaintiff’s damages (Rosado v Proctor & Schwartz, supra, at 25).
Applying these basic principles to the question presented here, we hold that FortunofFs claim against the third-party defendants can only be viewed as one in the nature of contribution and is therefore barred under the statute. As the initial tort-feasor, Fortunoff was liable not only for any knee injuries Glaser may have sustained because of her fall, but also for any aggravation of her injuries resulting from subsequent negligent treatment of her knee. FortunofFs liability is predicated, therefore, at least in part on its own negligence, as well as the foreseeable consequences of that negligence, which includes the alleged malpractice of the third-party defendants (see, Hill v St. Clare’s Hasp., 67 NY2d 72, 82; Rosado v Proctor & Schwartz, supra, at 24-25; Derby v Prewitt, 12 NY2d 100, 103, 105-106; Milks v Mclver, 264 NY 267, 270). Conversely, the third-party defendants, as successive tort-feasors, were not liable for plaintiff’s original injury to her knee, but only for the aggravation of her condition (Derby v Prewitt, supra, at 106). Consequently, defendant’s settlement with plaintiff was a bar to its third-party action under General Obligations Law § 15-108 (c).[2]
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Chief Judge Wachtler taking no part.
Order affirmed, with costs.

. Fortunoff also impleaded New Rochelle Medical Center. Its complaint against the hospital is not at issue in this appeal.

. This is not to say that the parties may not reserve their rights against nonsettling tort-feasors by entering into a proper agreement (see, General Obligations Law § 15-108 [c]; Mitchell v New York Hosp., 61 NY2d 208).