Ilsa **KLINGHOFFER** and Lisa Klinghoffer Arbitter, as Co–Executrixes of the Estates of Leon and Marilyn Klinghoffer, Plaintiffs,

v.

**S.N.C. ACHILLE LAURO ED ALTRI–GESTIONE MOTONAVE ACHILLE LAURO IN AMMINISTRAZIONE STRAORDINARIA;** Commissario of the Flota Achille Lauro in Amministrazione Straordinaria; Chandris (Italy) Inc.; Port of Genoa, Italy; Club ABC Tours, Inc.; and Crown Travel Service, Inc., d/b/a, Rona Travel and/or, Club ABC Tours, Defendants.

Sophie **CHASSER** and Anna Schneider, Plaintiffs,

v.

**ACHILLE LAURO LINES,** The Lauro Lines Flotto Achille, Chandris Cruise Lines and ABC Tours Travel Club, Defendants.

Viola **MESKIN**, Seymour Meskin, Sylvia Sherman, Paul Weltman and Evelyn Weltman, Plaintiffs,

v.

**ACHILLE LAURO LINES,** The Lauro Lines Flotto Achille, Chandris Cruise Lines and ABC Tours Travel Club, Defendants.

Donald **SAIRE,** and Anna G. Saire, Plaintiffs,

v.

**ACHILLE LAURO ED ALTRI–GESTIONE M/N ACHILLE LAURO S.N.C.,** Commissario Lauro S.N.C. Commissario of the Flotto Achille Lauro in Amministrazione and Chandris, Inc., Defendants.

Nos. 85 Civ. 9303 (LLS), 85 Civ. 9708 (LLS), 86 Civ. 4657 (LLS) and 86 Civ. 6332 (LLS).

United States District Court, S.D. New York.

March 29, 1993.

See also 795 F.Supp. 112.

Fischer, Weisinger & Caliguire, Englewood Cliffs, NJ, for plaintiffs Klinghoffer; Jay D. Fischer, of counsel.

Connell, Losquadro & Zerbo, New York City, for defendant Achille Lauro; Raymond A. Connell, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant Chandris; Daniel J. Dougherty, of counsel.

Rubin, Hay & Gould, P.C., Framingham, MA, for defendant Crown Travel; Rodney E. Gould, of counsel.

## OPINION AND ORDER

STANTON, District Judge.

Defendants Crown Travel Service, Inc. ("Crown") and Chandris, Inc. ("Chandris") move pursuant to Fed.R.Civ.P. 12 and 56 for dismissal of plaintiffs' claims against them. Defendant Lauro Lines, s.r.l. ("Lauro") moves for dismissal of Crown and Chandris' cross-claims against it.

By order dated July 23, 1992 this court denied those motions without prejudice to renewal upon the same papers (without refiling) by letter to the court accompanied by the parties' submissions with respect to the application of the law of Italy to the subject of the motions and, if applicable, the substance of Italian law on the points presented.

The parties have renewed the motions. All parties argue that United States law applies, and that in any event, they are unable to determine the substance of Italian law on those points. Accordingly, the motions are decided under the law of this forum. *See, Clarkson Co. Ltd. v. Shaheen,* 660 F.2d 506, 512 n. 4 (2d Cir.1981).

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). If a motion for summary judgment is properly supported, "the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)).

### The Crown and Chandris Motions

Crown is a travel agency which sold plaintiffs a tour package entitled "Mediterranean Cruise," consisting of round-trip air transportation between New York and Italy, an 11–night cruise on the vessel "Achille Lauro," and accommodations for three nights in a hotel in San Remo, Italy. Chandris was the marketing agent for the Joint Venture that operated the Achille Lauro on the voyage when she was hijacked. Neither Crown nor Chandris ever owned, operated, or controlled the Achille Lauro, or managed or supervised her security. Lauro was in charge of security at Genoa, Italy and aboard the ship.

Crown and Chandris argue that since they did not own or operate the cruise vessel aboard which plaintiffs sustained their injuries, and since the travel tickets sold through Crown specifically disclaimed liability for negligence of the cruise vessel operator, they cannot be held liable for plaintiffs' injuries. *Stafford v. Intrav, et al.,* No. 89–858–C (9), slip op. (E.D.Mo. Jan. 5, 1993).

In *Weiner v. British Overseas Airways Corp.,* 60 A.D.2d 427, 401 N.Y.S.2d 91 (2d Dept.1978), the plaintiff sought recovery from the tour arranger, BOAC, for the negligence of a car rental agency. The court held that

[s]ince BOAC, as the tour arranger, had no duty to insure against negligence of the independent contractors with whom it arranged to provide the rental car, hotel or bus transportation services it included in its tours and, in fact, specifically disavowed any such duty in its brochure, no claim of negligence can successfully be directed against it if the tour purchaser is injured by the contractor's negligence while avail-

ing himself of the services provided by the contractor.

401 N.Y.S.2d at 96.

■ The same principle is true for a charterer who does not assume control or operation of the vessel. "A time charterer assumes no responsibility for the unseaworthiness of the vessel or the negligence of the crew unless the charter agreement provides otherwise." *Scholl v. Chuang Hui Marine Co., Ltd.,* 646 F.Supp. 137, 138–39 (D.Conn. 1986), citing *George v. Intercontinental Transp., Ltd.,* 566 F.Supp. 275, 279 (S.D.N.Y. 1983). Accordingly, neither Crown nor Chandris can be held liable for Lauro's alleged negligence.

Plaintiffs urge that the disclaimer in Crown's travel brochure did not give the purchasers adequate notice that they were relinquishing important rights, and thus is unenforceable. They further argue their claims against Crown and Chandris are not for vicarious liability for Lauro's negligence, but for "their own delicts and failures," as alleged in the complaint. Those allegations are that Crown explicitly and implicitly agreed and warranted to provide reasonably safe travel for the duration of the Mediterranean cruise tour package, that Crown and Chandris knew or should have known that the M/S Achille Lauro would provide inadequate safety measures and failed to warn plaintiffs of the dangers, and that Chandris failed to provide security for persons boarding the Achille Lauro at the Port of Genoa on October 3, 1985. Plaintiffs have failed to raise a genuine issue of fact supporting those claims.

■ Whether the disclaimer is contractually binding or not, it evidences the lack of any express agreement or warranty on the part of Crown or Chandris for safe passage during the cruise. Plaintiffs do not allege any facts from which such a warranty could be inferred. Nor do plaintiffs allege facts rebutting the affidavits submitted by Crown and Chandris, swearing that before the 1985 hijacking Lauro was well-respected within the travel industry, and that they had received no complaints about security procedures aboard any Lauro ships. Plaintiffs fail to raise a material issue of fact supporting

their allegation that Crown and Chandris knew or should have known that security measures on board the Achille Lauro were inadequate.

Although plaintiffs charge that Chandris failed to conduct adequate inspection of passports, luggage, and persons boarding the Achille Lauro in Genoa, they do not allege any legal or contractual theory imposing upon Chandris, as opposed to Lauro, any duty to make such inspections. Indeed, plaintiffs' claims against Lauro are based on the same allegedly inadequate security measures. No reason appears for concluding that those alleged inadequacies are "delicts and failures" of Chandris.

Accordingly, plaintiffs' claims against Crown and Chandris are dismissed.

### Lauro's Motion to Dismiss

 Lauro moves to dismiss Crown and Chandris' cross claims for contribution and indemnity, since it has settled all of the plaintiffs' claims against it. Since the plaintiffs' claims against Crown and Chandris are dismissed, their cross claims for indemnity or contribution against Lauro also fall. In any event, Lauro is not liable to any other party for contribution, since it has been given a good-faith release by the plaintiffs. *See*, N.Y.Gen.Obl.Law § 15–108(b); *Miller v. Christopher*, 887 F.2d 902, 907 (9th Cir.1989). Nor can Crown and Chandris' claims fairly be characterized as for "indemnity" since there is no contractual indemnification, nor other duty owed by Lauro to Crown or Chandris. "Absent a duty between the tortfeasors independent of the plaintiff's cause of action, there can be no claim for indemnity." *Ramirez v. National R.R. Passenger Corp.*, 576 F.Supp. 95, 99 (S.D.N.Y.1983); *Rosado v. Proctor & Schwartz, Inc.*, 66 N.Y.2d 21, 494 N.Y.S.2d 851, 854, 484 N.E.2d 1354, 1357 (1985); *In re S/S C.V. Sea Witch*, 1983 A.M.C. 2376, 2387–88 (S.D.N.Y.1983).

### Conclusion

The motions of Crown Travel Service and Chandris, Inc., to dismiss plaintiffs' claims against them are granted, and those claims are dismissed. Lauro's motion to dismiss the cross claims of Crown and Chandris against it is granted, and those cross claims are dismissed. Since the cross claims against Lauro are dismissed, its request for leave to discontinue its third-party action against the PLO is granted.

So ordered.