■ ANTHONY FORTE et al., Respondents, v CITIES SERVICE OIL COMPANY, Appellant, et al., Defendant. [600 NYS2d 367] — Mikoll, J. P. Appeal from an order of the Supreme Court (Conway, J.), entered July 20, 1992 in Sullivan County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment.

The issue on this appeal is whether Supreme Court had jurisdiction to grant plaintiffs' partial summary judgment motion when plaintiffs failed to serve a necessary party, defendant SOS Oil Company (hereinafter SOS), with the motion. This litigation stems from oil leakage that allegedly occurred from 1969 through 1973 at two oil storage facilities in Sullivan County that were separately owned by defendant Cities Service Oil Company (hereinafter CSO) and SOS. Plaintiffs are nearby landowners and their respective families who originally commenced suit against defendants in 1982 in the United States District Court for the Southern District of New York alleging that defendants had damaged their property and were liable in, *inter alia,* trespass and nuisance. In July 1986, however, the action was discontinued in Federal District Court and commenced in Supreme Court pursuant to a stipulation that allowed service of the complaint in Supreme Court to relate back to the service of the Federal complaint. Issue

was then joined with CSO cross-claiming against SOS for "contribution by and/or judgment over and/or indemnification by [SOS]" and with SOS cross-claiming against CSO for indemnification.

Thereafter, in March 1988, plaintiffs settled with SOS and stipulated to discontinuance of their action against that party. Plaintiffs then moved for partial summary judgment against CSO on the ground of collateral estoppel. Plaintiffs alleged that because a similar action against CSO brought in Federal court arising out of leakage from the same facility resulted in recovery by that plaintiff *(see, Doralee Estates v Cities Serv. Oil Co.,* 569 F2d 716), plaintiffs in this action were entitled to similar relief. Supreme Court granted the motion and this appeal by CSO ensued.

CSO's contention that Supreme Court did not have jurisdiction to grant plaintiffs' partial summary judgment motion because plaintiffs did not serve a necessary party to any motion practice, SOS, lacks merit. Although under CPLR 1001 an action may be dismissed for failure to join a necessary party *(see,* CPLR 1001 [a]; McLaughlin, 1989 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 1001, 1993 Pocket Part, at 154), that provision is inapplicable here. Even assuming that SOS is a necessary party to the instant action, plaintiffs have joined SOS in the action and, therefore, the action was not dismissible for plaintiffs' alleged failure to join a necessary party.

Nevertheless, plaintiffs did not serve SOS with the instant motion for partial summary judgment against CSO. Plaintiffs argue, however, that this was unnecessary because SOS is allegedly no longer a party to the action because plaintiffs have settled with SOS and therefore SOS is not liable for contribution *(see,* General Obligations Law § 15-108 [b]). Despite the provisions of General Obligations Law § 15-108, however, SOS apparently technically remains a party to the action, at least for purposes of CSO's cross claim, because SOS has apparently not moved to dismiss CSO's cross claim.* Accordingly, because SOS appears to still be a party in this matter, plaintiffs were required to serve SOS with the subject motion *(see,* CPLR 2103 [e]; *see also,* Siegel, NY Prac § 203, at 296-297 [2d ed]).

---

* Because SOS has settled with plaintiffs, CSO's cross claim would be dismissable upon a motion by SOS because there is no factual basis for CSO's "indemnification" claim, which in reality is a contribution claim *(see,* General Obligations Law § 15-108 [b]; *Rosado v Proctor & Schwartz,* 66 NY2d 21, 24-25).

Even assuming, however, that plaintiffs erred in failing to so serve SOS with the present partial summary judgment motion, this fact does not automatically result in a reversal or modification of the resulting order because such a failure is a mere irregularity, rather than a jurisdictional defect (see, Oakes v Barnes, 124 AD2d 439). As such, the failure to serve the papers can be ignored in the absence of evidence of prejudice to the opposing party (see, CPLR 2001; Oakes v Barnes, supra). Here, because CSO has not even alleged any prejudice accruing to it by reason of plaintiffs' failure to serve the summary judgment motion on SOS (nor could it because plaintiffs' motion did not seek any relief from SOS), we conclude that any irregularity in plaintiffs' service of their motion papers may safely be ignored.

Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.