■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO BENITEZ, Appellant. [650 NYS2d 551] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered April 28, 1994, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to a term of 10 years to life, unanimously affirmed.

On this record, the contents of the radio run were properly admitted. The prosecutor's references to the 911 call during summation were part of a fair response to summation comments made by the defense. Any prejudice to defendant resulting from the prosecutor's summation remarks was promptly eliminated by the court's curative instruction.

The court's *Sandoval* ruling was an appropriate exercise of discretion.

We have considered defendant's remaining contentions, including his *pro se* argument that his sentence is excessive, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.

■ MIGUEL ROSARIO, Respondent, v MUDGE ROSE GUTHRIE, Respondent. MUDGE ROSE GUTHRIE ALEXANDER AND FERDON, Sued Herein as MUDGE ROSE GUTHRIE, Third-Party Plaintiff-Respondent, v NORTHERN TELECOM INC., Third-Party Defendant-Appellant. [650 NYS2d 550] —Order, Supreme Court, New York County (Paula Omansky, J.), entered November 3, 1995, which, *inter alia*, granted plaintiff's motion to vacate the dismissal of his complaint which had been granted for failure to comply with court ordered discovery, and order of the same court and Justice, entered on or about May 8, 1996, which, *inter alia*, denied the third-party defendant's motion to vacate the November 3, 1995 order, unanimously affirmed, without costs.

The orders were appropriate exercises of discretion. Third-party defendant did not demonstrate prejudice (*see, Forte v Cities Serv. Oil Co.*, 195 AD2d 805, 807), plaintiff's delay in providing discovery was minimal and not willful, and plaintiff offered a reasonable excuse for the default and evidence of a meritorious action. Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.