(September 25, 2001)

■ EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, v ROGER D. WERNER, Respondent and Third-Party Plaintiff-Respondent, et al., Third-Party Defendant. [730 NYS2d 329] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about April 6, 2000, which, in an action by an insurer against one of its former brokers seeking to recover past and future payments that the insurer is obligated to make to third-party defendant insured under a disability policy procured by the broker, insofar as appealed from as limited by the briefs, granted the broker's motion for summary judgment dismissing, for failure to state a cause of action, the causes of action for indemnification and a declaration as to the existence of an obligation to indemnify, unanimously modified, on the law, to reinstate the cause of action for indemnification, and otherwise affirmed, without costs. Order, same court and Justice, entered November 20, 2000, which, insofar as appealable, denied the insurer's motion to renew, deemed to have granted renewal with respect to so much of the prior order as dismissed the complaint on the ground of the Statute of Limitations, and, upon renewal, to have adhered to the prior order, and, so considered, the appeal therefrom unanimously dismissed as academic, without costs.

The insurer alleges that it would not have issued the disability policy in question had the application therefor, prepared by the broker, not omitted the fact that the broker had procured a similar policy for the insured from another insurer. The insurer further alleges that it is obligated to make payments under the policy, and seeks in this action to recover those payments from the broker. The motion court correctly held that the cause of action for indemnification is subject to a six-year limitations period that began to run, at the earliest, when the insurer made its first payment to the insured two years before it instituted the action, "whatever the underlying breach of duty for which indemnification is sought" (*McDermott v City of New York*, 50 NY2d 211, 218). However, the motion court erred in dismissing the cause of action for indemnification on the ground "there is no basis to argue that [the broker] should be responsible for making disability payments to [the insured]." "[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor'" (*Raquet v Braun*, 90 NY2d 177, 183, quoting *Mas v Two Bridges Assocs.*, 75 NY2d 680, 690). At the least, the broker, as the insurer's agent, owed the

insurer a duty to report truthfully with respect to the information requested on the applications, which specifically included the existence of other disability policies held by the prospective insured. Accordingly, we modify to reinstate the cause of action for indemnification. The cause of action for a declaration as to the broker's obligation to indemnify the insurer is unnecessary. The insurer's motion to renew, in which the motion court, in effect, considered new evidence tending to show that the broker's omission of the information from the application was deliberate, and offered for the purpose of estopping the broker from asserting the Statute of Limitations, is now academic since the insurer does not claim error with respect to the dismissal of its causes of action for negligence, breach of contract and breach of fiduciary duty as time barred, and since the broker has no Statute of Limitations defense with respect to the cause of action for indemnification. Concur—Williams, J. P., Ellerin, Lerner, Saxe and Buckley, JJ.