OPINION OF THE COURT
Lucy Billings, J.
This action seeks to recover $18,919.77 that plaintiff paid a former tenant of premises plaintiff purchased from defendant October 6, 1987. Defendant moves to dismiss plaintiff’s claims *39 for fraud and unjust enrichment as barred by the applicable statutes of limitations. (CPLR 3211 [a] [5].)
I. Background
On October 6, 1987, plaintiff and her partners purchased a multiple dwelling at 32 East 38th Street, New York County, from defendant. At the time of the purchase, plaintiff was unaware that a tenant had filed a rent overcharge complaint against the owner. On January 18, 1995, the New York State Division of Housing and Community Renewal (DHCR) issued an order finding the tenant had been overcharged for September 1, 1982 through January 31, 1986, and holding plaintiff, as the current owner, liable for the overcharge. (9 NYCRR 2526.1 [f] [2]; see Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 549 [1997]; Heights Assoc. v Bautista, 178 Misc 2d 669, 672 [App Term, 2d Dept 1998].) Plaintiff unsuccessfully challenged the determination through administrative and judicial proceedings culminating in a final determination against the owner April 27, 2000. Plaintiff paid the tenant the overcharge plus interest and now seeks to recover from defendant as the prior owner who was responsible for and originally collected the overcharge.
II. Fraud and Misrepresentation
Plaintiffs first cause of action, for fraud and misrepresentation, alleges that at the time of the sale, defendant failed to disclose to plaintiff both the pending rent overcharge complaint and the underlying illusory tenancy agreement that had exacted the rent overcharges. (See, e.g., Matter of Badem Bldgs. v Abrams, 70 NY2d 45, 52-53 [1987]; Bruenn v Cole, 165 AD2d 443, 447-448 [1st Dept 1991]; Conti v Citrin, 132 Misc 2d 834, 836-837 [Sup Ct, NY County 1985], affd 121 AD2d 852 [1st Dept 1986].) The statutory period for commencing an action for fraud is six years from the wrongful act or two years from when the fraud was discovered or should have been discovered with reasonable diligence. (CPLR 203 [g]; 213 [8]; D'Amico v First Union Natl. Bank, 285 AD2d 166, 170 [1st Dept 2001].) Defendant collected the rent overcharges only through January 1986 and entered the illusory tenancy agreement before then, all well more than six years before plaintiff commenced this action in 2002. Plaintiff learned of the alleged fraud through the DHCR order of January 18, 1995, that found a rent overcharge and an illusory tenancy, well more than two years before commencing this action. Therefore the court dismisses her claim for fraud and misrepresentation as time-barred. (CPLR 203 [g]; 213 [8]; 3211 [a] [5].)
*40 III. Unjust Enrichment
Plaintiff’s second cause of action seeks damages for unjust enrichment. The applicable statute of limitations for this claim is six years. (CPLR 213 [1]; Chanler v Roberts, 275 AD2d 625 [1st Dept 2000]; Congregation Yetev Lev D’Satmar v 26 Adar N.B. Corp., 192 AD2d 501, 503 [2d Dept 1993].) A claim for unjust enrichment accrues upon commission of the wrongful act creating a duty of restitution. (Id. at 502-503.)
Plaintiff maintains that the statute of limitations did not begin to run until DHCR issued its final determination April 27, 2000. She claims defendant’s wrongful act was failing to refund the overcharge when DHCR’s final determination ordered him to do so. She presents no evidence, however, that DHCR ordered defendant, rather than plaintiff, to refund the overcharge.
In any event, it was not the failure to make the refund, but the wrongful acts of entering the illusory tenancy agreement to exact the rent overcharges and collecting the overcharges that unjustly enriched defendant, created a duty to refund the excess rent collected, and triggered the statute of limitations. (Id.; Golden Pac. Bancorp v Federal Deposit Ins. Corp., 273 F3d 509, 520 [2d Cir 2001].) Since defendant committed these acts more than six years before the commencement of this action, the court dismisses plaintiff’s claim for unjust enrichment as time-barred. (CPLR 213 [1]; 3211 [a] [5].)
Although plaintiff’s unjust enrichment claim is barred, she may be able to recover against defendant on a claim for indemnification, as the six-year statute of limitations for this claim does not commence until costs are incurred. (McDermott v City of New York, 50 NY2d 211, 217-218 [1980]; Equitable Life Assur. Socy. of U.S. v Werner, 286 AD2d 632 [1st Dept 2001]; Patel v Exxon Corp., 284 AD2d 1007, 1008 [4th Dept 2001].) The “classic situation” creating a claim for indemnification is where a party, without fault on her own part, is held liable to a third party under law despite another’s fault. (City of New York v Lead Indus. Assn., 222 AD2d 119, 125 [1st Dept 1996].) The wrongdoer’s independent duty to prevent that vicarious liability to the injured party forms the predicate for an indemnity action. (Rosado v Proctor & Schwartz, 66 NY2d 21, 24 [1985]; McDermott v City of New York, 50 NY2d at 217, 218 n 4; City of New York v Lead Indus. Assn., 222 AD2d at 124-125.) The indemnitee need not establish that the indemnitor has ever owed her any duty apart from the duty to indemnify. (McDermott v City of New York, 50 NY2d at 219 n 5; *41 City of New York v Lead Indus. Assn., 222 AD2d at 125-126.) Because a claim for indemnification is a separate cause of action, independent of the underlying wrong, the claim does not accrue until the party seeking indemnification pays for the injury. (McDermott v City of New York, 50 NY2d at 218-219; Equitable Life Assur. Socy. of U.S. v Werner, 286 AD2d 632; City of New York v Lead Indus. Assn., 222 AD2d at 124, 126-127.) Thus if plaintiff has such a claim against defendant based on her payment of the overcharge, the claim is not yet barred by the statute of limitations.
For the reasons explained above, however, the court grants defendant’s motion and dismisses plaintiff’s current claims for fraud and unjust enrichment.