■ MARY FARRELL, Plaintiff, v GRISTEDE'S SUPERMARKETS, INC., Appellant, and THE GAP, INC., et al., Respondents. [857 NYS2d 82]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered November 27, 2007, which, to the extent appealed from as limited by the briefs, granted defendants-respondents' (the Gap) cross motion for summary judgment dismissing the complaint and cross claim as against them, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 18, 2007, which declined to sign Gristede's proposed order to show cause, unanimously dismissed, without costs, as taken from a nonappealable paper.

Plaintiff was injured when she fell over debris that was on the sidewalk in front of Gristede's; adjacent to Gristede's is the loading door for the Gap's store. Plaintiff commenced an action against Gristede's and the Gap, and Gristede's asserted a cross claim for indemnification and/or contribution on the basis that the subject debris originated from the Gap. Following the Gap's successful cross motion for summary judgment, Gristede's entered into a settlement with plaintiff.

Gristede's cross claim against the Gap is one for contribution and not indemnification, since the record fails to establish that any duty to indemnify, either contractual or otherwise, exists between the Gap and Gristede's. Nor does the evidence in the record allow Gristede's liability to plaintiff to be characterized as merely vicarious or secondary. Accordingly, in light of Gristede's settlement with plaintiff, its cross claim for contribution against the Gap is barred by General Obligations Law § 15-108 (c) (*see Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 645 [1988]; *Rosado v Proctor & Schwartz*, 66 NY2d 21 [1985]; *see also Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 366 [2006], *lv dismissed* 7 NY3d 864 [2006]).

The appeal from the December 18, 2007 order is dismissed because "[n]o appeal lies from an order declining to sign an order to show cause" (*Nova v Jerome Cluster 3, LLC*, 46 AD3d 292, 293 [2007]; *see M & J Trimming v Kew Mgt. Corp.*, 254 AD2d 21 [1998]).

We have considered Gristede's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias and Williams, JJ.