■ CYNTHIA HOOGLAND et al., Respondents, v TRANSPORT EXPRESSWAY, INC., et al., Defendants, WALMART STORES EAST, INC., et al., Respondents, and FIDUCIE LOCATION PINARD, Appellant (And a Third-Party Action.) (Action No. 1.) DENISE MALKIN, Respondent, v TRANSPORT EXPRESSWAY, INC., et al., Defendants, WALMART STORES EAST, INC., et al., Respondents, and FIDUCIE LOCATION PINARD, Appellant. (Action No. 2.) [898 NYS2d 892]—In related actions, inter alia, to recover damages for wrongful death, etc., the defendant Fiducie Location Pinard appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Alessandro, J.), dated April 18, 2008, as granted those branches of the cross motion of the defendants Walmart Stores East, Inc., and Daniel Hill, the separate cross

motion of the defendants Port Authority of New York and New Jersey, Port Newark Container Terminal, LLC, P&O Nedlloyd Limited, and P&O Ports North America, Inc., and the separate cross motion of the defendants Nippon Yusen Kabushiki Kaisha, NYK Line (North America) Inc., and New Amera Transit, Inc., which were for summary judgment dismissing certain cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, its cross claims for common-law indemnification were, in actuality, for contribution, and are therefore barred by General Obligations Law § 15-108 (c) (*see Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 646-647 [1988]). Dillon, J.P., Covello, Miller and Chambers, JJ., concur.

Cross motion by the respondents Walmart Stores East, Inc., and Daniel Hill to dismiss an appeal from an order of the Supreme Court, Orange County, dated April 18, 2008, inter alia, on the ground that it has been rendered academic. Separate cross motion by the respondents Port Authority of New York and New Jersey, Port Newark Container Terminal, LLC, P&O Nedlloyd Limited, and P&O Ports North America, Inc., to dismiss the appeal, inter alia, in effect, on the ground that the appellants are not aggrieved. Separate cross motion by the respondents Nippon Yusen Kabushiki Kaisha, NYK Line (North America), Inc., and New Amera Transit, Inc., to dismiss the appeal on the ground that the appellants lack standing by virtue of General Obligations Law § 15-108. By decision and order on motion dated March 12, 2009, the cross motions were held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the cross motions and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that those branches of the cross motions which were to dismiss the appeal by the defendants Transport Expressway, 3145221 Canada, Inc., and Sebastian Tremblay, are denied as academic, as that appeal was previously withdrawn by order on application dated April 17, 2009; and it is further,

Ordered that those branches of the cross motions which were to dismiss the appeal by the defendant Fiducie Location Pinard is denied. Dillon, J.P., Covello, Miller and Chambers, JJ., concur.