**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1596 & 12-1744
_____

CAROL A. WOLF; EDWARD WOLF, Individually, and as Administrator Ad
Prosequendum of the Estate of Brian Wolf, deceased; KEVIN HOLMES

v.

TICO TRAVEL; BOB MARRIOTT'S FLY FISHING STORE, d/b/a Bob Marriott's
Travel Center; CASA MAR FISHING CLUB S.A.; CASA MAR LODGE DEL CARIBE
D&M S.A.; B.O.G. DEL MAR S.A.;

TICO TRAVEL,
Third-Party Plaintiff

v.

PISCATORY, INC., and/or PISCATORY, INC. d/b/a BOB MARRIOTT'S FLY
FISHING STORE; ROBERT J. MARRIOTT; DANIEL GILL; EUGENIO PEREZ-
ESPINOSA; RUDOLPH RAMIREZ-AVARCA; ROGER CHAVEZ-SEAS;
MARCOS SEGURA; ISAAC CAJINA-VIDAURRE; PEDRO ANTONIO CAJINA-
MARTINEZ, DECEASED; OSCAR OBANDO-NARVAEZ; CORPORATION
RODAMAR, S.A. d/b/a Casa Mar Lodge; CORPORATION RODAMAR,
S.A., d/b/a Case Mar Lodge,

Third-Party Defendants

PISCATORY, INC. d/b/a BOB MARRIOTT'S FLY FISHING STORE,
Second Third-Party Plaintiff

v.

DANIEL GILL; EUGENIO PEREZ-ESPINOSA; RUDOLPH RAMIREZ-AVARCA;
ROGER CHAVEZ-SEAS; MARCOS SEGURA; ISAAC CAJINA-VIDAURRE;
OSCAR OBANDO-NARVAEZ; PEDRO ANTONIO CAJINA-MARTINEZ,
DECEASED, and/or the ESATATE OF PEDRO ANTONIO MARTINEZ,

Second Third-Party Defendant

CAROL A. WOLF; EDWARD WOLF, Individually, and as Administrator Ad
Prosequendum of the Estate of Brian Wolf, deceased; KEVIN HOLMES,
Appellants in 12-1596


Piscatory, Inc., d/b/a Bob Marriott's Fly Fishing Store,
Appellant in 12-1744
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 10-cv-02860)
District Judge:  Honorable Joseph H. Rodriguez
_____

Submitted Under Third Circuit LAR 34.1(a)
March 21, 2013
_____

Before: FUENTES, CHAGARES and BARRY, Circuit Judges

(Opinion Filed:  May 30, 2013)
_____

OPINION
_____


BARRY, Circuit Judge

    Following a boating accident off the coast of Costa Rica, Carol A. and Edward L.

Wolf, individually, and as administrators *ad prosquendum* of the Estate of Brian Wolf,

and Kevin Holmes (collectively, "Appellants"), filed suit alleging claims of negligence,

wrongful death, and survivorship against Tico Travel, Piscatory, Inc. d/b/a Bob

Marriott's Fly Fishing Store, Casa Mar Fishing Club S.A., Casa Mar Lodge Del Caribe

D&M S.A., and B.O.G. Del Mar S.A. Appellants appeal the order of the District Court

granting summary judgment in favor of Bob Marriott's and Tico Travel on all claims, and

the Court's subsequent order denying their motion for reconsideration.[1] Bob Marriott's

cross-appeals the portions of the District Court's orders that found Appellants' claims to

be actionable under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30301.

We have jurisdiction under 28 U.S.C. § 1292(a)(3). We will affirm.

I.

We write principally for the benefit of the parties and therefore recount only those

facts essential to our disposition. In 2007, Brian Wolf and Kevin Holmes traveled to

Costa Rica as members of the Cutty Sharks Fishing Club. Club members booked their

trip through Tico Travel, a Florida-based retail travel agency, which provided air travel

arrangements and organized their lodging and fishing tours through Bob Marriott's, a

California-based booking agent. Bob Marriott's, the exclusive booking agent for the

Casa Mar Lodge in Costa Rica, arranged for the members to stay at the Lodge. The

travel package was an "all inclusive hotel stay, which consisted of boat transfers from the

airport, food, lodging, and guided fishing provided by [Casa Mar Lodge]." App. 55.

On June 7, 2007, Brian Wolf and Kevin Holmes went fishing on the boat Don

---

[1] Tico Travel filed a motion for judgment on the pleadings, arguing that any claim based upon New Jersey law was barred by the relevant statute of limitations, and that damages were limited to pecuniary losses. During a hearing on Tico Travel and Bob Marriott's motions, Tico Travel joined in Bob Marriott's motion for summary judgment, except as to the argument that DOHSA did not apply. The District Court granted Tico Travel's motion, and Appellants do not challenge this aspect of the District Court's judgment on appeal.

Coto, with its captain and fishing guide, Pedro Antonio Cajina. The water was turbulent and choppy on that day, and the boat capsized, throwing Wolf, Holmes, and others overboard. Holmes was able to swim to shore and survive, but Wolf perished. Almost three years later on June 4, 2010, Appellants filed a complaint against Tico Travel and Bob Marriott's, alleging that they "knew and should have known of the dangerous and unsafe conditions in which Casa Mar Lodge operated, including but not limited to operating fishing boats that were not inspected, licensed, registered, or certified." App. 70. Appellants claimed Tico Travel and Bob Marriott's owed them duties of care, which at least required warning them of the dangerous conditions existing at Casa Mar Lodge, and that any reasonable travel agent would have known not to recommend and book travel to the Casa Mar Lodge.

After a hearing on the motion for summary judgment, the District Court held that all claims brought under New Jersey law were barred by the expiration of the two-year statute of limitations. Moreover, it found that DOHSA applied to Appellants' claims of negligence, wrongful death, and rights of survival, but there was no evidence "that either travel agent owned, operated, managed, or controlled [Casa Mar] Lodge, its boats, or its employees," or that "either travel agent knew or had reason to know of any unsafe conditions." App. 15. Accordingly, the District Court granted summary judgment in favor of both Tico Travel and Bob Marriott's on all claims. On December 12, 2011, Appellants filed a motion for reconsideration, which the District Court denied.

II.

4

We exercise plenary review over a district court's grant of summary judgment, viewing all evidence in favor of the non-moving party and drawing all reasonable inferences in his or her favor. *See Powell v. Symons*, 680 F.3d 301, 306 (3d Cir. 2012); *Albright v. Virtue*, 273 F.3d 564, 570 n.6 (3d Cir. 2001); Fed. R. Civ. P. 56(a). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party "will not be able to withstand a motion for summary judgment merely by making allegations; rather, the party opposing the motion must go beyond its pleading and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial." *In re Ikon Office Solutions, Inc.*, 277 F.3d 658, 666 (3d Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

Appellants contend that the District Court erred in finding that there were no genuine issues of material fact because Tico Travel and Bob Marriott's admitted to actual knowledge of the dangerous conditions of the water, knew or should have known of the dangerous conditions of the boat and its captain, and exercised control over the Casa Mar Lodge. While a travel agency has a duty to warn customers of specific, known dangers, and dangers that should be discovered in the exercise of due care, it "'is not an insurer, nor can [it] be reasonably expected to divine and forewarn of an innumerable litany of tragedies and dangers inherent in foreign travel.'" *Schwartz v. Hilton Hotels Corp.*, 639 F. Supp. 2d 467, 474 (D.N.J. 2009) (quoting *Rookard v. Mexicoach*, 680 F.2d 1257, 1263

5

(9th Cir. 1982)). We agree with the District Court that there are no facts of record to indicate, or to draw reasonable inferences therefrom, that Tico Travel or Bob Marriott's knew or should have known of the dangerous conditions of the water on the date of the incident, the allegedly unsafe conditions of the boat, or of the captain's alleged deficiencies. Moreover, there was no evidence raising a genuine issue of fact that either Tico Travel or Bob Marriott's owned or exercised any form of control over the Casa Mar Lodge. *Cf. Klinghoffer v. S.N.C. Achille Lauro*, 816 F. Supp. 934, 936-37 (S.D.N.Y. 1993) (dismissing claims against a travel agent by passengers injured during the hijacking of a cruise vessel because there was no evidence that the travel agent knew or should have known that the security measures onboard were inadequate, nor did it own, operate, or control the ship).

For the same reasons, the District Court did not abuse its discretion in denying Appellants' motion for reconsideration. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (holding that parties seeking reconsideration must show an intervening change in the controlling law, the existence of evidence not previously available, or "manifest errors of law or fact").[2]

III.

---

[2] We need not reach the merits of Bob Marriott's cross-appeal as to the applicability of DOHSA. The District Court found that although DOHSA applied to Appellants' claims, neither Tico Travel nor Bob Marriott's failed to "exercise good faith or reasonable skill, care, or diligence in making the travel plans in this case." App. 16. We need not reach the issue of whether or not DOHSA applied, because even if it did, the District Court correctly concluded that there was no evidence of negligence, or "negligent selection," by Bob Marriott's.

For the foregoing reasons, we will affirm the orders of the District Court.