In the Matter of the Estate of JENNIE ROSENFELD, Deceased.

Surrogate's Court, New York County, February 3, 1943.

*Joseph Protter* for Morris H. Hofstadter, as coexecutor, petitioner.

*Leonard L. Berliner* for Gertrude Kramer, as coexecutor, respondent.

*Nathaniel H. Brower* for Jesse Rosenfeld, former executor, respondent.

FOLEY, S. By a decree made in the contested accounting proceeding and dated July 15, 1942, the two executors and the executrix were surcharged with the sum of $1,426.81. Morris H. Hofstadter, one of the executors, satisfied this amount by a set-off against his allowed compensation as attorney. He now seeks to enforce contribution in equal shares from his cofiduciaries. The application is denied.

No valid reason has been presented to justify the relief sought. The surcharge arose out of the taking over by the executors of a mortgage specifically bequeathed to three legatees who were different persons from the fiduciaries. It was the duty of the fiduciaries promptly to assign the mortgage to the persons

entitled to it. Instead, in the early part of the administration of the estate, interest was collected upon it. The mortgage was foreclosed in an action in which the fiduciaries were plaintiffs. They continued to manage the real property until the foreclosure of the first mortgage was imminent. They then executed and recorded a deed to the specific legatees. The expenses of foreclosure and arrears of taxes and interest on the first mortgage exceeded the net income from the property and resulted in a loss to the estate for which the surcharge was made.

The petitioning executor here is an attorney; his coexecutor and coexecutrix are laymen. No equities exist in favor of the petitioner. It was his duty to properly advise the other persons concerned that the mortgage should be assigned to the specific legatees. (*Matter of Columbia Trust Co.*, 186 App. Div. 377.) Where an estate is clearly solvent and property specifically bequeathed is thus free from any claim for funeral and administration expenses and the debts of the decedent, there is no justification for a retention of such property. Title to the specific legacy vests in the legatee on the death of the testatrix. (*Matter of Columbia Trust Co., supra.*) An instrument of conveyance or assignment from the executors to the specific legatees may be convenient to evidence the title of the transferees. It is not absolutely necessary since the will itself is the source of their title.

The usual rule is that where one of several fiduciaries makes good a breach of trust for which all are jointly and severally liable, he is entitled to contribution from his cofiduciaries. (*Sherman* v. *Parish,* 53 N. Y. 483, 489; *Steele* v. *Leopold,* 135 App. Div. 247, 257, mod. and affd. 201 N. Y. 518; 2 Scott on Trusts, § 258; Restatement, Law of Trusts, § 258.) There are exceptions to the general rule where the one seeking contribution committed the breach of trust in bad faith or received a benefit from the breach. An exception has also been made in cases where one of the fiduciaries is an attorney and the legal advisor of his cofiduciaries. In such cases where the breach of trust results from a course of conduct taken upon his advice, he is not entitled to contribution from the others. (*Matter of Partington,* 57 L. T. 654; *Lockhart* v. *Reilly,* 25 L. J. [ch.] 697; *Lockhart* v. *Reilly,* 1 De Gex & Jones, 464, 477; *Matter of Turner* [1897] 1 Ch. D. 536, 544; 2 Scott on Trusts, § 258.1; Restatement, Law of Trusts, § 258, comment d.) To compel contribution in such a case would be inequitable.

The illness of the petitioner during a portion of the period of administration has no material bearing upon the issue. After

his recovery he assumed his duties and acted as attorney for the estate. He alone verified the complaint in the foreclosure action. The other fiduciaries did not join in the verification. This and other documentary evidence clearly show that instead of correctly advising his coexecutors against the foreclosure of the mortgage and management of the property, the petitioner was the prime actor in this proceeding and the resulting management of the property.

The counterclaim asserted by the respondent, Gertrude Kramer, in her answer is disallowed. The Surrogate holds upon the evidence that her husband, Morris Kramer, who was the assignor of the claim, made the payments in connection with the management of the property No. 32 West 118th Street, New York City, voluntarily for the benefit of members of his family who are the persons interested in it and without expectation of reimbursement from the fiduciaries. Upon this phase of the case I accept the testimony of Mr. Hofstadter as true and reject the testimony of Mr. Kramer.

Submit order on notice accordingly.