■ John A. Graham, Jr., Appellant, v Rockwell International Corporation, Respondent. (Appeal No. 1.)—Order affirmed without costs for reasons stated at Supreme Court, Ricotta, J.

All concur, except Doerr and Green, JJ., who dissent and vote to reverse in the following memorandum.

Doerr and Green, JJ. (dissenting). We respectfully dissent. In our view, Special Term erred by dismissing plaintiff's complaint for failure to state a cause of action.

In 1982, plaintiff purchased a used 1976 Rockwell Commander aircraft from Dunkirk Aviation Sales and Service, Inc. The plane had been manufactured by Rockwell International Corp. (Rockwell). In 1985, Rockwell conveyed its manufacturing rights to the aircraft to Gulfstream Aerospace Corp. (Gulfstream). In 1985, plaintiff received a service bulletin from Gulfstream warning of possible longitudinal cracks in the forward wing spar and recommending inspection of the aircraft. Plaintiff had his plane inspected, and the inspection revealed cracks in both the left and right forward wing spars and the main landing gear side brace attachments. These cracks made the aircraft unsafe to fly, and plaintiff spent $4,904.07 to make the necessary repairs. He then commenced the instant action alleging that the damage to the plane was

caused by defective design and/or manufacture of the aircraft. Plaintiff further alleged that the aircraft was a dangerous and ultrahazardous product, which placed plaintiff, any passengers and the general public at a significant risk of personal injury or death. Special Term granted defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action, holding that because plaintiff was merely alleging economic loss, he was relegated to his contract remedies.

We cannot agree with the majority's affirmance of this order. In our view, this case falls squarely under the holding of *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.* (109 AD2d 449; *see also, Dudley Constr. v Drott Mgf. Co.,* 66 AD2d 368). In *Columbia,* the court sustained a cause of action in strict products liability against the manufacturer of allegedly defective building materials which were installed in a building wall on a crowded university campus. An inspection of the wall found it to be "in imminent danger of collapse" *(Trustees of Columbia Univ. v Mitchell/Giurgola Assocs., supra,* at 455). The only actual damage that was incurred was to the wall itself. The court, sustaining the university's action against the manufacturer in strict products liability, held: "That a wall rendered defective and in imminent danger of collapse by improperly fabricated materials constitutes the type of dangerous product for which the manufacturer owes a duty to the ultimate user under the doctrine of strict products liability bespeaks itself" *(Trustees of Columbia Univ. v Mitchell/Giurgola Assocs., supra,* at 455).

Similarly, here, plaintiff alleges that his aircraft was rendered defective due to cracks in the wing spars and landing gear brace attachments caused by an improperly designed and manufactured landing gear retract mechanism and was in imminent danger of falling from the sky. These allegations are sufficient to make out a cause of action in strict products liability against the manufacturer of the airplane. This case does not involve a piece of equipment that merely does not function properly or perform up to the buyer's expectations *(cf., Schiavone Constr. Co. v Elgood Mayo Corp.,* 56 NY2d 667, *revg* 81 AD2d 221 *on dissenting opn* [Silverman, J.]; *Hemming v Certainteed Corp.,* 97 AD2d 976, *appeal dismissed* 61 NY2d 758). Rather it involves damage to the product itself caused by a defect in one part of the same product, which renders the product unreasonably dangerous *(Dudley Constr. v Drott Mfg. Co., supra).* In our view, giving plaintiff the benefit of every inference to be drawn from the allegations, the complaint states a cause of action in strict products liability and was

dismissed erroneously. (Appeal from order of Supreme Court, Erie County, Ricotta, J.—dismiss complaint.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.