■ GENESEE VALLEY CLUB, Respondent, v WALTER KIDDE & COMPANY, INC., et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Defendants, Walter Kidde & Company, Inc. (Kidde) and Mealane Corp. (Mealane), are entitled to summary judgment dismissing the negligence and strict products liability causes of action. Plaintiff's losses are purely economic and are, therefore, not recoverable

under either tort theory *(see, Schiavone Constr. Co. v Mayo Corp.,* 56 NY2d 667, *revg* 81 AD2d 221 *on dissenting opn* [Silverman, J.]; *Arell's Fine Jewelers v Honeywell, Inc.,* 170 AD2d 1013; *Graham v Rockwell Intl. Corp.,* 135 AD2d 1128; *Hemming v Certainteed Corp.,* 97 AD2d 976, *appeal dismissed* 61 NY2d 758). Even assuming that plaintiff's damages are attributable to the deterioration or breakdown of the fire suppression systems, "the injury is properly characterized as 'economic loss' and plaintiff is relegated to contractual remedies" *(Hemming v Certainteed Corp., supra; see also, Arell's Fine Jewelers v Honeywell, Inc., supra; Richman v Albert,* 127 AD2d 992, *lv denied* 70 NY2d 745). Because plaintiff's negligence and strict products liability causes of action must be dismissed, the cross claims asserted against Kidde and Mealane for contribution must also be dismissed since "[t]he existence of tort liability is a prerequisite to any claim for contribution" *(Arell's Fine Jewelers v Honeywell, Inc., supra,* at 1014, citing *Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 27-28). (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Summary Judgment.) Present—Doerr, J. P., Boomer, Lawton and Davis, JJ.