■ LORRAINE H. LIVINGSTON, Appellant-Respondent, v ROBERT KLEIN et al., Defendants, and CLAIRE SANDROCK, Appellant and Third-Party Plaintiff-Respondent. RENALDO, MYERS & PALUMBO, P. C., et al., Third-Party Defendants-Appellants. [684 NYS2d 115] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied defendant Claire Sandrock's motion for summary judgment dismissing the complaint. Questions of fact regarding what Sandrock knew or should have known about the well water potability and flow tests render summary judgment inappropriate (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

However, the court should have granted the motion of third-party defendants to dismiss the third-party complaint seeking contribution. CPLR 1401 enables a litigant to seek contribution only where the underlying action sounds in tort. Contribution may not be sought where the underlying action is for breach of contract or where the damages sought are purely for economic loss (*see, Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21; *Genesee Val. Club v Kidde & Co.*, 177 AD2d 1051, *lv dismissed* 79 NY2d 915). Here, the underlying action is based on breach of contract. However, even if it was a tort action, contribution would not be available because the damages sought are limited to economic loss (*see, Genesee Val. Club v Kidde & Co., supra*). (Appeals from Order of Supreme Court, Livingston County, Cicoria, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.