■ LAUR & MACK CONTRACTING CO., INC., Appellant, v DINO DI CIENZO, SR., et al., Respondents. LAUR & MACK CONTRACTING CO., INC., Third-Party Plaintiff-Appellant, v RUSSELL ASSOCIATES, Also Known as OFFICE OF EDWARD D. RUSSELL, ARCHITECT, Third-Party Defendant-Respondent. [710 NYS2d 828] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing the amended complaint. Defendants hired plaintiff and third-party plaintiff, Laur & Mack Contracting Co., Inc. (Laur & Mack), as general contractor for the construction of a motel in Niagara Falls. In the amended complaint, Laur & Mack alleges that it completed the contract work and is entitled to final payment of the amount due pursuant to the contract. It is undisputed, however, that the architect, third-party defendant, has not issued a certificate of completion and that issuance of such certificate is a contractual condition precedent to Laur & Mack's entitlement to final payment.

The court also properly granted third-party defendant's motion to dismiss plaintiff's third-party complaint. With respect to the first cause of action, Laur & Mack has no cause of action against the architect for breach of the contract between the architect and the owner where, as here, the contract expressly precludes enforcement of that contract by a third party (*cf., Pile Found. Constr. Co. v Berger, Lehman Assocs.,* 253 AD2d 484, 486; *BIB Constr. Co. v City of Poughkeepsie,* 204 AD2d 947). With respect to the second cause of action, contribution "may not be sought where the underlying action is for breach of contract or where the damages sought are purely for economic loss" (*Livingston v Klein,* 256 AD2d 1214). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Sum-

mary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.