■ SCALP & BLADE, INC., et al., Plaintiffs, v ADVEST, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. HENRY J. HIPP et al., Third-Party Defendants-Respondents. [755 NYS2d 140] —Appeal from an order of Supreme Court, Erie County (Fahey, J.), entered March 7, 2002, which, inter alia, granted the motion of third-party defendants William L. Kasting, Jr., Walter N. Kunz, Albert E. Low, and Donald J. Gregory for summary judgment dismissing the third-party complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs, a not-for-profit corporation and a charitable association/trust established by the corporation,

commenced this action against defendants, Robert J. Franger, an investment advisor/securities broker, and Advest, Inc. (Advest), the firm that employed him. Plaintiffs seek to recover on various theories, including professional malpractice, breach of contract, breach of fiduciary duty, fraud and misrepresentation, and the violation of General Business Law § 349, for defendants' alleged mismanagement of the trust fund. Under all such theories, plaintiffs seek the same measure of damages, $330,000, representing the difference between the actual value of the holdings of the trust fund as invested by defendants and its hypothetical value if prudently invested. At all relevant times, Franger served not only as investment advisor/broker to the Board of Trustees of plaintiff Scalp & Blade Scholarship Association, but also as a member of that Board and its investment committee. This appeal concerns the viability of third-party claims for contribution asserted by defendants against Franger's fellow trustees William L. Kasting, Jr., Walter N. Kunz, Albert E. Low, and Donald J. Gregory (third-party defendants).

Supreme Court properly granted the motion of third-party defendants for summary judgment dismissing the third-party complaint against them. As conceded by defendants at oral argument, CPLR 1401 does not permit a claim over for contribution where, as here, " 'the damages sought are purely for economic loss' " (*Laur & Mack Contr. Co. v Di Cienzo,* 274 AD2d 960, 960, *lv denied in part and dismissed in part* 96 NY2d 895; *see Whalen v 50 Sutton Place S. Owners,* 276 AD2d 356, 358; *Rothberg v Reichelt,* 270 AD2d 760, 762; *Livingston v Klein,* 256 AD2d 1214). To the extent that defendants argue that contribution is nevertheless available at common law among trustees charged with a breach of fiduciary duty, we note that, under EPTL 11-2.3, entitled "Prudent investor act," third-party defendants were authorized in the exercise of their "care, skill and caution" to delegate their investment authority to defendants (11-2.3 [c] [1]), who as investment professionals with special expertise and skills were suitably chosen to perform that function, provided that third-party defendants thereafter periodically reviewed defendants' exercise of the delegated investment authority (*see* 11-2.3 [c] [1] [A]-[C]; *see also* 11-2.3 [b] [5]; [c] [2]). We conclude that, as the trustee substantially more at fault for the investment losses sustained by plaintiffs, and further as one who benefitted from the investment activity, Franger is not entitled to contribution from third-party defendants, his fellow trustees (*see* Restatement [Second] of Trusts § 258 [1] [a], [b]; *see also Matter of Rosenfeld,* 180 Misc 452, 453; *Matter of Hyde,* 458 NW2d 802, 806;

*see generally Gillespie v Seymour,* 250 Kan 123, 147-148, 823 P2d 782, 800; *In re Mueller's Trust,* 28 Wis 2d 26, 47-49, 135 NW2d 854, 866). For the same reason, but even more fundamentally because it is not a trustee, we conclude that Advest is not entitled to contribution from third-party defendants. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.