VILLAGE OF PALMYRA, Plaintiff, v HUB LANGIE PAVING, INC., et al., Defendants. HUB LANGIE PAVING, INC., Third-Party Plaintiff-Respondent, v SNIEDZE ASSOCIATES, Third-Party Defendant-Appellant. TURNER UNDERGROUND, Third-Party Plaintiff-Respondent, v SNIEDZE ASSOCIATES, Third-Party Defendant-Appellant. [917 NYS2d 454]—

Appeal from an order of the Supreme Court, Wayne County (Dennis M. Kehoe, A.J.), entered December 24, 2009 in a breach of contract action. The order, insofar as appealed from, denied the cross motion of third-party defendant for summary judgment dismissing the third-party complaints.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion of third-party defendant in part, dismissing the third-party complaint of third-party plaintiff Hub Langie Paving, Inc. in its entirety and dismissing the third-party complaint of third-party plaintiff Turner Underground insofar as it seeks common-law indemnification and as modified the order is affirmed without costs.

Memorandum: Plaintiff, the Village of Palmyra (Village), contracted with defendant-third-party plaintiff Hub Langie Paving, Inc. (Hub Langie), to perform work to improve the Village's sanitary sewer system, including the installation of an under-

ground force main. Hub Langie, in turn, subcontracted some of the work, including drilling work, to third-party plaintiff, Turner Underground (Turner). When the drilling work performed by Turner allegedly damaged the Village's existing sewer line, the Village sued Hub Langie and Turner seeking damages for the costs of repairing the damaged sewer line. Hub Langie and Turner, in turn, each commenced third-party actions against Sniedze Associates (Sniedze), the Village's engineer on the sewer project, seeking common-law indemnification or contribution. On appeal, Sniedze contends that Supreme Court erred in denying its motion for summary judgment seeking dismissal of both third-party complaints.

We conclude that the court erred in denying that part of the motion with respect to Hub Langie's third-party complaint, and we therefore modify the order accordingly. The express terms of the contract between the Village and Hub Langie provided, inter alia, that Hub Langie had complete knowledge and information necessary to perform the work required by the contract and was fully responsible for the performance of the contract, including the work of subcontractors. The contract further provided that Hub Langie had full responsibility for "the safety and protection of all . . . Underground Facilities," e.g., existing sewer lines, and that Sniedze owed no duty to Hub Langie. Moreover, with respect to any right to common-law indemnification, there are no circumstances under which Hub Langie could be held vicariously liable to the Village based on the negligence of a third party such as Sniedze (*see generally Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 646-647 [1988]; *Brickel v Buffalo Mun. Hous. Auth.*, 280 AD2d 985, 985 [2001]; *Colyer v K Mart Corp.*, 273 AD2d 809, 810 [2000]).

With respect to Turner's third-party complaint, Turner correctly concedes that it is not entitled to common-law indemnification from Sniedze. On this record, there is simply no basis for determining that Turner may be vicariously liable for the damage to the Village's sewer line (*see Glaser*, 71 NY2d at 646). We therefore further modify the order accordingly. Nevertheless, we reject the contention of Sniedze that Turner is not entitled to contribution from Sniedze, and we thus conclude that the court properly denied that part of the motion of Sniedze. According to Sniedze, the Village's complaint against Turner is for "purely economic loss resulting from a breach of contract [and thus] does not constitute 'injury to property' within the meaning of New York's contribution statute," i.e., CPLR 1401 (*Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 26 [1987]; *see Scalp & Blade v Advest,*

*Inc.*, 300 AD2d 1068, 1069 [2002]). That is not the case, however, inasmuch as the Village expressly seeks, inter alia, damages for portions of its sewer line that were not included in the work that was the subject of the contract. As a result, the Village seeks to recover for negligence that resulted in damage to its property, for which contribution may be obtained from a third party such as Sniedze (*cf. Laur & Mack Contr. Co. v Di Cienzo*, 274 AD2d 960 [2000], *lv denied in part and dismissed in part* 96 NY2d 895 [2001]). Finally, we note that Turner is not barred from seeking contribution from Sniedze based on the contract between the Village and Hub Langie, inasmuch as Turner is not a signatory to that contract. Present—Centra, J.P., Lindley, Sconiers, Green and Gorski, JJ. **[Prior Case History: 2009 NY Slip Op 32384(U).]**