# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1500**
**CA 10-01449**
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, GREEN, AND GORSKI, JJ.

---

VILLAGE OF PALMYRA, PLAINTIFF,

                        V                                     MEMORANDUM AND ORDER

HUB LANGIE PAVING, INC., ET AL., DEFENDANTS.
------------------------------------------------
HUB LANGIE PAVING, INC., THIRD-PARTY
PLAINTIFF-RESPONDENT,

                        V

SNIEDZE ASSOCIATES, THIRD-PARTY
DEFENDANT-APPELLANT.
------------------------------------------------
TURNER UNDERGROUND, THIRD-PARTY
PLAINTIFF-RESPONDENT,

                        V

SNIEDZE ASSOCIATES, THIRD-PARTY
DEFENDANT-APPELLANT.

---

HARTER, SECREST & EMERY LLP, ROCHESTER (MICHAEL DAMIA OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.

LAW OFFICES OF LAURIE G. OGDEN, ESQ., ROCHESTER (GARY J. O'DONNELL OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT TURNER UNDERGROUND.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, WHITE PLAINS (ADAM J. DETSKY OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT HUB LANGIE PAVING, INC.

---

    Appeal from an order of the Supreme Court, Wayne County (Dennis M. Kehoe, A.J.), entered December 24, 2009 in a breach of contract action. The order, insofar as appealed from, denied the cross motion of third-party defendant for summary judgment dismissing the third-party complaints.

    It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of third-party defendant in part, dismissing the third-party complaint of third-party plaintiff Hub Langie Paving, Inc. in its entirety and dismissing the third-party complaint of third-party plaintiff Turner Underground insofar as it seeks common-law indemnification and as modified the

order is affirmed without costs.

Memorandum:  Plaintiff, the Village of Palmyra (Village),
contracted with defendant-third-party plaintiff Hub Langie Paving,
Inc. (Hub Langie), to perform work to improve the Village's sanitary
sewer system, including the installation of an underground force main.
Hub Langie, in turn, subcontracted some of the work, including
drilling work, to third-party plaintiff, Turner Underground (Turner).
When the drilling work performed by Turner allegedly damaged the
Village's existing sewer line, the Village sued Hub Langie and Turner
seeking damages for the costs of repairing the damaged sewer line.
Hub Langie and Turner, in turn, each commenced third-party actions
against Sniedze Associates (Sniedze), the Village's engineer on the
sewer project, seeking common-law indemnification or contribution.  On
appeal, Sniedze contends that Supreme Court erred in denying its
motion for summary judgment seeking dismissal of both third-party
complaints.

We conclude that the court erred in denying that part of the
motion with respect to Hub Langie's third-party complaint, and we
therefore modify the order accordingly.  The express terms of the
contract between the Village and Hub Langie provided, inter alia, that
Hub Langie had complete knowledge and information necessary to perform
the work required by the contract and was fully responsible for the
performance of the contract, including the work of subcontractors.
The contract further provided that Hub Langie had full responsibility
for "the safety and protection of all . . . Underground Facilities,"
e.g., existing sewer lines, and that Sniedze owed no duty to Hub
Langie.  Moreover, with respect to any right to common-law
indemnification, there are no circumstances under which Hub Langie
could be held vicariously liable to the Village based on the
negligence of a third party such as Sniedze (*see generally Glaser v
Fortunoff of Westbury Corp.*, 71 NY2d 643, 646-647; *Brickel v Buffalo
Mun. Hous. Auth.*, 280 AD2d 985, 985; *Colyer v K Mart Corp.*, 273 AD2d
809, 810).

With respect to Turner's third-party complaint, Turner correctly
concedes that it is not entitled to common-law indemnification from
Sniedze.  On this record, there is simply no basis for determining
that Turner may be vicariously liable for the damage to the Village's
sewer line (*see Glaser*, 71 NY2d at 646).  We therefore further modify
the order accordingly.  Nevertheless, we reject the contention of
Sniedze that Turner is not entitled to contribution from Sniedze, and
we thus conclude that the court properly denied that part of the
motion of Sniedze.  According to Sniedze, the Village's complaint
against Turner is for "purely economic loss resulting from a breach of
contract [and thus] does not constitute 'injury to property' within
the meaning of New York's contribution statute," i.e., CPLR 1401
(*Board of Educ. of Hudson City School Dist. v Sargent, Webster,
Crenshaw & Folley*, 71 NY2d 21, 26; *see Scalp & Blade v Advest, Inc.*,
300 AD2d 1068, 1069).  That is not the case, however, inasmuch as the
Village expressly seeks, inter alia, damages for portions of its sewer
line that were not included in the work that was the subject of the
contract.  As a result, the Village seeks to recover for negligence

that resulted in damage to its property, for which contribution may be obtained from a third party such as Sniedze (*cf. Laur & Mack Contr. Co. v Di Cienzo*, 274 AD2d 960, *lv denied in part and dismissed in part* 96 NY2d 895). Finally, we note that Turner is not barred from seeking contribution from Sniedze based on the contract between the Village and Hub Langie, inasmuch as Turner is not a signatory to that contract.