Dillon v Peak Envtl., LLC (2019 NY Slip Op 04548)





Dillon v Peak Envtl., LLC


2019 NY Slip Op 04548


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


164 CA 18-00986

[*1]JOHN T. DILLON AND D. TIMOTHY DILLON, PLAINTIFFS,
v
PEAK ENVIRONMENTAL, LLC, MARCUS E. O'ROURKE, JR. AND TIMOTHY M. O'ROURKE, DEFENDANTS-APPELLANTS.

PEAK ENVIRONMENTAL, LLC, MARCUS E. O'ROURKE, JR., AND TIMOTHY M. O'ROURKE, THIRD-PARTY PLAINTIFFS-APPELLANTS,SAUNDERS KAHLER, LLP, AND CAMILLE T. KAHLER, INDIVIDUALLY, AND DOING BUSINESS AS SAUNDERS KAHLER, LLP, THIRD-PARTY DEFENDANTS-RESPONDENTS. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (DAVID A. KATZ OF COUNSEL), FOR DEFENDANTS-APPELLANTS AND THIRD-PARTY PLAINTIFFS-APPELLANTS. 
CABANISS CASEY LLP, ALBANY (DAVID B. CABANISS OF COUNSEL), FOR THIRD-PARTY DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered January 3, 2018. The order, inter alia, granted the motion of third-party defendants to dismiss the third-party complaint and denied the cross motion of defendants-third-party plaintiffs to disqualify third-party defendants from acting as plaintiffs' counsel. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action against defendants-third-party plaintiffs (third-party plaintiffs) seeking damages for, inter alia, fraudulent inducement and breach of contract. Third-party plaintiffs subsequently commenced this third-party action against third-party defendants, i.e., the law firm and the individual attorney representing plaintiffs in the main action. Third-party plaintiffs now appeal from an order that, inter alia, granted the motion of third-party defendants to dismiss the third-party complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) and denied the cross motion of third-party plaintiffs seeking to disqualify third-party defendants from acting as counsel to plaintiffs in the main action. We affirm.
Contrary to third-party plaintiffs' contention, Supreme Court properly dismissed the third-party complaint pursuant to CPLR 3211 (a) (7). The sole cause of action alleged in the third-party complaint was for contribution and/or indemnification, and there is no dispute that third-party plaintiffs withdrew the claim for indemnification at oral argument. "Contribution may not be sought where the underlying action is for breach of contract or where the damages sought are purely for economic loss" (Livingston v Klein, 256 AD2d 1214, 1214 [4th Dept 1998]; see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 24 [1987]; Laur & Mack Contr. Co. v Di Cienzo, 274 AD2d 960, 960 [4th Dept 2000], lv denied in part and dismissed in part 96 NY2d 895 [2001]). "[T]he touchstone for purposes of whether one can seek contribution is not the nature of the claim in the underlying complaint but [*2]the measure of damages sought therein" (Children's Corner Learning Ctr. v A. Miranda Contr. Corp., 64 AD3d 318, 324 [1st Dept 2009]).
Here, although plaintiffs' first cause of action in the underlying complaint against third-party plaintiffs alleges fraudulent inducement, the relief that plaintiffs seek with respect to that cause of action is the "difference between the value of [p]laintiffs' ownership interests as represented by [third-party plaintiffs] at the beginning of liquidation negotiations and the purchase price agreed upon at the closing." In other words, plaintiffs seek the monetary benefit of the contractual bargain that they would have received but for third-party plaintiffs' alleged improper action, and thus "the damages sought are purely for economic loss" (Livingston, 256 AD2d at 1214). Inasmuch as there is no dispute that plaintiffs' remaining causes of action in the underlying complaint also allege only economic loss, third-party plaintiffs' contribution claim was properly dismissed (see Children's Corner Learning Ctr., 64 AD3d at 324).
Further, although the third-party complaint alleges in support of third-party plaintiffs' contribution claim that plaintiffs sustained damages as a result of legal malpractice committed by third-party defendants, the third-party complaint does not allege that third-party plaintiffs sustained damages as a result thereof (cf. Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, 80 NY2d 377, 380-381 [1992], rearg denied 81 NY2d 955 [1993]). To the extent that third-party plaintiffs' submission of extrinsic evidence purporting to support a direct claim of legal malpractice could have been construed by the court as a request for leave to amend their third-party complaint, such a request was properly denied because third-party plaintiffs' new claim is patently lacking in merit (see Broyles v Town of Evans, 147 AD3d 1496, 1497 [4th Dept 2017]). Third-party plaintiffs' contention that they relied to their detriment on an email from third-party defendant Camille T. Kahler regarding the terms of the agreement between plaintiffs and third-party plaintiffs is belied by third-party plaintiffs' own correspondence.
Finally, the court did not abuse its discretion by denying third-party plaintiffs' cross motion to disqualify third-party defendants from acting as counsel to plaintiffs in the main action (see generally Bison Plumbing City v Benderson, 281 AD2d 955, 955 [4th Dept 2001]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court