# (November 19, 1981)

■ RICHARD MONELL et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendants. — Judgment, entered on November 6, 1980, Supreme Court, Bronx County (Balio, J.), granting defendant City of New York's motion for a directed verdict and dismissing the complaint against the city, unanimously

reversed, on the law, and a new trial directed for all purposes, with $75 costs and disbursements of this appeal to abide the event. A New York City sanitation truck was allegedly stationary, facing west, for some 15 minutes to one-half hour in the middle lane of the three westbound lanes of Bruckner Boulevard immediately adjacent to the intersection of Bruckner Boulevard with Willis Avenue in The Bronx. Defendant Williams, approaching from the truck's rear, passed the truck on the right and moved into the intersection at the same time as defendant Dupree traveling east in the left of Bruckner Boulevard's three eastbound lanes endeavored to make a left turn at the intersection onto Willis Avenue. Neither vehicle was purportedly able to observe the other's approach due to the sanitation truck's obstruction of their vision. A collision ensued with the consequence that the Dupree vehicle, now out of control, struck the infant plaintiff Richard Monell. The trial court before submitting the case to the jury granted the defendant city's motion for a directed verdict and dismissed the complaint as against the city on the ground that as a matter of law the accident was not proximately caused by the negligence of the city, assuming such negligence. On this record it is clear that the trial court should not have ruled on this issue as a matter of law, but should have permitted it to go before the jury. Proximate cause is almost invariably a factual issue. As a general proposition only extraordinary intervening acts which are not foreseeable in the normal course of events may serve as a basis for ruling as a matter of law that the chain of causation has been broken. The decision by defendant Williams to pass to the right of the sanitation truck is not, as a matter of law, an unforeseeable occurrence which frees the city from liability. A new trial is necessary to determine the liability of the defendant City of New York, if any, and the responsibility of all other parties. In light of the apportionment rule among joint tort-feasors (CPLR 1401-1404) and the adoption of a rule of comparative negligence (CPLR 1411), the responsibilities of defendants to the plaintiff as well as to themselves are best determined by the same jury at one time. Concur — Murphy, P. J., Birns, Sandler, Ross and Lupiano, JJ.