■ JOHN NIELSEN et al., Plaintiffs, v GREENMAN BROS., INC., Defendant and Third-Party Plaintiff-Appellant. NASSAU COUNTY MEDICAL CENTER, Third-Party Defendant-Respondent, et al., Third-Party Defendant.—In an action to recover damages for personal injuries, the defendant and third-party plaintiff Greenman Bros. appeals from a judgment of the Supreme Court, Nassau County (Molloy, J.), dated March 21, 1986, which granted the third-party defendant-respondent's motion for summary judgment dismissing the third-party complaint as against it.

Ordered that the judgment is affirmed, with costs.

The third-party plaintiff, having settled with the plaintiff and obtained its own release from liability, is not now entitled to claim contribution from the third-party defendant-respondent (see, General Obligations Law § 15-108 [c]). Nor may it circumvent this statutory prohibition by presenting its claim as one for indemnification (see, Salonia v Samsol Homes, 119 AD2d 394). Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.

■ JOHN NIELSEN et al., Plaintiffs, v GREENMAN BROS., INC., Defendant and Third-Party Plaintiff-Respondent. VINCENT R. DiGREGORIO, Third-Party Defendant-Appellant, et al., Third-Party Defendant.—In an action to recover damages for personal injuries, the third-party defendant DiGregorio appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated March 7, 1986, as, upon reargument, reversed a prior decision and vacated a judgment entered thereon and denied his motion for summary judgment dismissing the third-party complaint as against him.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion for summary judgment dismissing the third-party complaint as against him is granted.

As the appellant originally pleaded, the third-party plaintiff was precluded from seeking contribution (see, General Obligations Law § 15-108 [c]) and was not entitled to indemnity (see, Nielsen v Greenman Bros., 123 AD2d 850; see also, Salonia v Samsol Homes, 119 AD2d 394). Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.