OPINION OF THE COURT
Donald J. Corbett, Jr., J.
The defendant seeks to dismiss the instant claim pursuant to CPLR 3211 (a) (1), (2), (3), (5), (7) and (8), and summary judgment pursuant to CPLR 3212. The claim herein, filed on *870 July 2, 1990, arises out of a settlement of $160,000 paid on May 8, 1990, by claimant on behalf of its insureds in an action brought in Supreme Court by one Rifenburgh. The underlying action relates to a motor vehicle accident occurring on August 28, 1987, between a vehicle in which Rifenburgh was a passenger and a vehicle owned by Dealers Leasing Corporation, leased to Yutaka Kikkawa and driven with the lessee’s permission by James M. Kikkawa.
The claim at paragraph 12 alleges: "That, the accident and resulting damages were not caused by any negligence or culpable conduct on the part of James M. Kikkawa, Yutaka Kikkawa, Dealers Leasing Corporation or Metro-North Commuter Railroad [Rifenburgh’s employer],* but were caused by the negligence and culpable conduct of the State of New York in the design, construction, ownership, maintenance and control of Route 100.”
The basis for the instant claim is alleged common-law indemnification "in hold [sic] or in part” (para 15 of the claim) as a result of the settlement (see, e.g., Rosado v Proctor & Schwartz, 66 NY2d 21). Contribution, which provides proportional reimbursement, is not sought here; only indemnity which provides full and not partial reimbursement (Siegel, NY Prac § 169, Contribution, Introductory, at 257 [2d ed]). Thus, when the claim articulates indemnification "in part,” it is seeking no more than contribution. As claimant acknowledges, if James M. Kikkawa (hereinafter Kikkawa) is a settling tortfeasor, then General Obligations Law § 15-108 (c) bars contribution and the entire claim would be foreclosed. The defendant attempts to show Kikkawa’s active negligence by appending the summons, complaint and verified bill of particulars in the Rifenburgh action, as well as excerpts of the EBT testimony of Kikkawa and the driver of the vehicle in which Rifenburgh was riding. Kikkawa’s putative status as a settling tort-feasor cannot be determined based upon the submitted papers or the defendant’s counsel’s conclusions after reviewing the police reports. A hearing or trial would be required to determine whether Kikkawa engaged in culpable conduct.
In seeking indemnity, claimant attempts to shift the entire loss from one who is compelled to pay to another who should *871 more properly bear responsibility (see, County of Westchester v Becket Assocs., 102 AD2d 34, 46-47, affd 66 NY2d 642). An action for indemnification may be created only by an express or implied contract. Indemnity flows from either a contractual or other relationship between the actual wrongdoer and another, such as that of an employer and employee (see, e.g., Riviello v Waldron, 47 NY2d 297, 306), in products liability (see, e.g., McDermott v City of New York, 50 NY2d 211), or from a duty imposed by statute, as a result of a breach of an implied warranty of fitness (23 NY Jur 2d, Contribution, Indemnity, and Subrogation, §62). Since there is no express indemnity agreement here (County of Westchester v Becket Assocs., 102 AD2d 34, 47, supra), indemnification will not be granted unless it may be implied in law to prevent a result which may be regarded as unjust or unsatisfactory (Rosado v Proctor & Schwartz, 66 NY2d 21, 24, supra). "A party who has settled and seeks what it characterizes as indemnification thus must show that it may not be held responsible in any degree. The statutory bar to contribution may not be circumvented by the simple expedient of calling the claim indemnification” (Rosado v Proctor & Schwartz, supra, at 24-25; see, County of Westchester v Becket Assocs., 102 AD2d 34, 47, supra; Nielsen v Greenman Bros., 123 AD2d 850). The court in Rosado considered an alleged implied contractual indemnity, examined the effect of settlement by a party who professes not to be a tortfeasor, and concluded that there was no basis for implied indemnity.
Where one party is being held liable for another party’s wrong, the party held liable then has an indemnification claim against the actual wrongdoer (Grovenger v Laboratory Procedures, 132 AD2d 289, 291, citing County of Westchester v Becket Assocs., 102 AD2d 34, supra). In Glaser v Fortunoff of Westbury Corp. (71 NY2d 643, 646-647), the Court of Appeals noted that in the classic case "the one seeking indemnity 'had committed no wrong, but by virtue of some relationship with the tort-feasor or obligation imposed by law, was nevertheless held liable to the injured party’ ” (citing D'Ambrosio v City of New York, 55 NY2d 454, 461 [emphasis supplied]).
Claimant asserts a species of indemnification infrequently visited. Causes of action for indemnification where one party has settled have only been permitted where there is an express indemnity agreement or where one may be implied by law. By invoking common-law indemnification where there *872 has been a settlement, claimant urges a novel theory of recovery.
It appears to me that claimant’s right to recovery under common-law indemnification can be invoked only where one party is compelled by the judgment of a competent court to respond in damages for the wrongful act or neglect of another (see, 23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 63). Claimant here settled and bought its peace and release from liability for $160,000 (Nielsen v Greenman Bros., 123 AD2d 850, supra).
That settlement is claimant’s achilles’ heel. Common-law indemnification may not be invoked where the party seeking recovery has settled. Indemnification is available only where there is an express agreement or other encompassing relationship; but a common-law theory of indemnification requires a judgment compelling payment. Claimant provides no precedent to the contrary. Indeed, it suggests that if the trier of fact in the Court of Claims later determines that Kikkawa was not responsible to any degree, then Allstate is entitled to indemnification for its loss in Supreme Court (but, query what loss, since there was a settlement). That settlement was achieved after jury selection, albeit before any finding of liability in Supreme Court (cf., Makeun v State of New York, 98 AD2d 583).
Claimant contends that its investigation in preparation for the Rifenburgh action leads to the conclusion that but for the negligence of the defendant in the improper design, construction, paving, inspection and operation of the roadway, the accident would never have taken place. Claimant, however, was unwilling to test its theories before a jury, and purchased its peace from possible greater exposure for $160,000. It thus appears that Allstate made a substantial settlement when it believed that it had no liability. As good handed as the claimant publicly professes to be, I find this scenario incredible.
Claimant may have perceived a conundrum in that it wished to lay full responsibility for the accident on the defendant’s doorstep, yet could not implead the State in Supreme Court (CPLR 1007; Bay Ridge Air Rights v State of New York, 44 NY2d 49, 54), and, with impleader jurisdictionally barred, was unable to utilize its precursor, vouching-in (see, Siegel, NY Prac § 168, Vouching-In, at 246-247 [2d ed]). Nonetheless, the comparative negligence of the State and claimant’s assureds *873 could have been at issue before the jury in the Rifenburgh action and before a Judge in the Court of Claims (cf., O’Connor v State of New York, 70 NY2d 914). Claimant’s settlement has precluded those findings in both forums.
Accordingly, the settlement with Rifenburgh was completely voluntary and foreclosed claimant’s right to common-law indemnification.
The motion is granted and the claim is dismissed.

 The other defendant in the Rifenburgh action, Rifenburgh’s employer Metro-North Commuter Railroad, paid $10,000 as part of a total settlement of $170,000, of all causes of action. Rifenburgh then released all four defendants and stipulated to discontinue the action against them.