OPINION OF THE COURT
Robert S. Rose, J.
In this products liability action, plaintiff seeks to recover damages for the injuries and wrongful death of her husband, Richard Rezucha, who was burned and ultimately killed by contact with super-heated water while adjusting a gasket seal on a heat exchanger at the State University of New York at Binghamton (SUNY) on December 31, 1990.
At the time of the accident, plaintiff’s decedent was employed by SUNY as a stationary engineer and was working with co-workers in replacing the gasket seal with a new, nonasbestos gasket material manufactured by defendant Gar-lock and distributed by defendant Potter Associates. After initial installation of the gasket on the heat exchanger, a small leak developed at the flange which retained the gasket. As the decedent attempted to retighten the flange bolts, it is alleged that the gasket failed catastrophically, releasing high temperature water which instantly vaporizes into steam and engulfed him. The decedent sustained second and third degree burns over almost 70% of his body and died as a result of his injuries approximately six weeks later.
In the complaint, plaintiff alleges that the gasket material was defective in its design and manufacture, and that it was distributed without any instructions or warnings concerning its proper installation and use. In their answers, defendants allege that plaintiff’s decedent was contributorily negligent, assumed the risk, and was injured in part due to the negligence of his employer and of his co-workers. Defendants also have asserted claims for indemnification and contribution against SUNY and the State of New York in the Court of Claims. The trial of this action is scheduled for February 7, 1994.
Plaintiff now moves for an order in limine precluding defendants from submitting proof at trial of any culpable conduct of the State of New York (State) or of its employees. Relying on subdivision (1) of CPLR 1601, plaintiff argues that since this court has no jurisdiction over the State, any determination of culpable conduct on its part would not reduce any *857 defendant’s liability under the statute and should not be apportioned by the jury in determining the total liability of all parties who caused or contributed to plaintiffs noneconomic loss. Plaintiff asserts that any apportionment of liability to the State would not be binding on any of the parties and instructions to consider such liability for some purposes but not for others would only serve to confuse the jury.
In opposition, defendant Garlock asserts the text of CPLR 1601 is open to interpretation and that contrary to plaintiffs assertions, the jury’s finding of apportionment, while clearly not binding on the State, would be binding upon plaintiff and defendants due to collateral estoppel. Relying on CPLR article 14-A regulating the apportionment of comparative culpability, defendant argues that it needs to show the State’s fault in order to establish its own limited fault and what were the proximate causes of the accident. It also contends that the jury’s consideration of this issue will not prejudice plaintiff since she may still recover the full amount of damages from defendant tortfeasors due to their joint liability.
Similarly, in opposition to plaintiffs motion, defendant Potter argues that it is essential for the jury to compare the decedent’s negligence with that of all parties whose conduct caused the injury. Like defendant Garlock, Potter relies on CPLR article 14-A and cites Professor David D. Siegel’s analysis of CPLR 1601 in support of its argument that the statute should not be interpreted to permit the State’s immunity from suit in Supreme Court to place the State beyond that court’s "jurisdiction” in determining whether or not its culpability is to be included in the calculation of total liability (see, Siegel, The New Law Partially Abolishing the Joint Liability Rule in Tort Cases—Part I, 322 NY St L Dig 1, 3 [1986]).
Defendants also argue that defendant Potter’s previous motion for bifurcation of the trial, which the court has held in abeyance pending resolution of plaintiffs current motion, should be granted. In connection with this motion, defendants assert that apportionment of liability among defendants, the State, and plaintiff’s decedent is the most critical and complex aspect of this case. They argue that this is not an action where the liability and the nature of the injuries are inextricably intertwined, and that since the severity of the injuries will elicit extreme sympathy from jurors, liability would be assessed more objectively in a separate trial.
In opposition to this motion, plaintiff argues that it is *858 almost certain that defendants will be held at least partially liable due to their product’s obvious deficiencies and that bifurcation will not shorten the trial, but rather confuse the jury and require witnesses to participate in three separate trials: two in Supreme Court and one in the Court of Claims.
In plaintiffs motion, the court is presented with a matter of first impression as to how CPLR 1601 (1) is to be interpreted in harmony with the dictates of CPLR 1411 in the unique situation where the State is the nonparty tortfeasor whose culpable fault may have contributed to plaintiffs noneconomic loss. On the one hand, as plaintiff argues, CPLR 1601 directs that the culpability of a jurisdictionally inaccessible party should not be considered in determining a defendant’s equitable share of the total liability. On the other hand, as defendants argue, CPLR 1411 directs that the amount of damages recoverable by a culpable claimant should be diminished in the proportion which the claimant’s culpable conduct bears to all the culpable conduct which caused the damages (see, e.g., Monell v City of New York, 84 AD2d 717, 718).
In 1986, the New York State Legislature added CPLR article 16. Stated succinctly, "[ujnder CPLR article 16, a joint tortfeasor whose culpability is 50% or less is not jointly liable for all of plaintiffs noneconomic damages, but severally liable for its proportionate share (CPLR 1601 [1])” (Sommer v Federal Signal Corp., 79 NY2d 540, 554). However, the statute also created a jurisdictional restriction upon this limited liability by providing " 'that the culpable conduct of any person not a party to the action shall not be considered in determining any equitable share herein if the claimant proves that with due diligence he was unable to obtain jurisdiction over such person in said action’ ” (Zakshevsky v City of New York, 149 Misc 2d 52, 54).
According to the Governor’s Memorandum approving that legislation (see, 1986 McKinney’s Session Laws of NY, at 3182-3183), the legislative intent was "to limit the liability to certain defendants for non-economic loss, such as pain and suffering and mental anguish, in personal injury actions. It provides that where two or more tortfeasors are jointly liable, the liability of a defendant who is responsible for 50% or less of the total liability will not exceed that defendant’s equitable share for purposes of the non-economic portion of the award. The defendant, however, will not be able to reduce his or her share by any amount for which a third party is responsible if jurisdiction cannot be obtained over such party”.
*859 "The old rule was that tort-feasors have been jointly and severally liable to the plaintiff and the plaintiff could sue any, all or just one of those tort-feasors. The plaintiff could collect 100% of any judgment obtained from the tort-feasor(s) sued without regard to their percentage of culpability. The defendant with the 'deep pocket’ need only be held in for a small percentage and yet be liable for the full amount of the judgment.
"Clearly the statute was designed to protect potential defendants * * * [with] 'deep pockets’. It essentially forces a plaintiff to sue all alleged tort-feasors. Unless plaintiff meets the additional burden placed upon it by the statute, by showing that personal jurisdiction could not have been obtained over a party, plaintiff runs the risk of obtaining a partial recovery.” (Zahshevsky v City of New York, supra, at 54.)
The statute expressly addresses the situation where the State is the defendant in the Court of Claims and the other tortfeasors are beyond the jurisdiction of that court as a matter of law. In that circumstance, the State gets the benefit of the statute’s limitation on liability unless the claimant proves an inability to obtain jurisdiction of the other tortfeasors "in a court of this state” (CPLR 1601 [1] [final parenthetical clause]). However, the statute does not consider expressly the converse situation where the State is the tortfeasor over whom jurisdiction cannot be obtained in Supreme Court as a matter of law, perhaps because the State would be neither benefitted nor harmed by the statute’s effect in that situation. (Cf., 1 NY PJI Supp 530 [Dec. 1992].)
While there appears to be no case law directly deciding this question, one Court of Claims has recognized the potential conundrum and opined that the comparative negligence of all parties, including the State, could have been considered by the jury in the Supreme Court action (see, Allstate Ins. Co. v State of New York, 152 Misc 2d 869, 872-873).
Such a ruling comports with article 16 because the sole purpose of CPLR 1601 is to overrule the common-law principle of joint and several liability for joint tortfeasors by providing that when a tortfeasor’s liability is found to be 50% or less, its liability for noneconomic loss is then several only, i.e., limited to its relative culpability, and the statute presumes a nonparty’s culpability will be included in this calculation. Three additional factors support the conclusion that the jurisdictional restriction in CPLR 1601 should not be construed to *860 preclude the proof and apportionment of the State’s culpability in this action.
First, as Professor Siegel suggests (see, Siegel, The New Law Partially Abolishing the Joint Liability Rule in Tort Cases—Part I, op. cit.), the feature which precludes consideration of a nonparty’s culpability under section 1601 is the lack of personal, rather than subject matter, jurisdiction. Here, the State’s immunity from suit is better viewed as a limitation on the subject matter jurisdiction of the Supreme Court rather than as a restriction on plaintiffs ability to make service and obtain personal jurisdiction under CPLR 301 (see, Siegel, NY Prac § 8 [2d ed]). Since the statute has been read to include a nonparty’s culpability unless the claimant cannot obtain personal jurisdiction (see, Zahshevsky v City of New York, supra), a lack of subject matter jurisdiction does not necessarily implicate the jurisdictional restriction.
Second, as mentioned above, the rationale for the jurisdictional restriction is that if a diligent claimant were able to sue all tortfeasors but neglected to do so, then it would not be unfair for the culpability of a nonparty to be considered even though the claimant’s recovery might not be as complete as that provided by the common-law rule of joint and several liability. Here, even if there were subject matter jurisdiction in this court, plaintiff would not be able to sue the State because the State was the decedent’s employer. Since workers’ compensation benefits are plaintiffs sole remedy against the decedent’s employer, plaintiffs recovery would be no less complete if CPLR 1601 were to permit defendants to pay only their equitable shares. It is only by virtue of an anomaly in the common law that damages in excess of workers’ compensation benefits may be recovered indirectly from an employer where the claimant collects more than the proportionate share from a tortfeasor who, in turn, has impleaded the employer (see, Klinger v Dudley, 41 NY2d 362, 370-371).
A similar rationale is reflected in subdivision (4) of CPLR 1602, a provision which affects the application of CPLR 1601 where, as here, the claimant is barred from asserting a claim against the employer by the Workers’ Compensation Law. Under this subdivision, if a defendant impleads the claimant’s employer, then the "limitations” set forth in CPLR 1601 do not apply to the claim against it "to the extent of the equitable share of said third party”. Although the meaning of this phrase is obscured by its wording, its crucial import is in determining whether the employer’s culpability should be *861 included in or excluded from the calculation under CPLR 1601.
The most sensible interpretation is that it is the jurisdictional restriction in section 1601 which should not be applied where a defendant actually has obtained jurisdiction over a third-party employer in a related action and thus, that party’s equitable share of liability should be considered in such circumstances. Under this interpretation, the defendant is rewarded for its diligence by having the liability of an additional tortfeasor included in the computation of its equitable share and the claimant is not unfairly prejudiced.
The alternative interpretations, that article 16 is wholly inapplicable where a defendant impleads the claimant’s employer (see, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1602:l, 1994 Supp Pamph, at 210) or that the employer’s culpability should be excluded in such instances, would penalize the diligent defendant and circumvent the Workers’ Compensation Law. Such interpretations would effectively codify the common-law anomaly by assuring that nonemployer defendants always would be jointly liable to the claimant for the employer’s share of culpability and by allowing claimants to recover indirectly what is forbidden directly (see, Klinger v Dudley, supra), in contradiction to the public policy expressed in the exclusivity of workers’ compensation benefits.
Here, defendants would have been able to implead all tortfeasors in this action but for the fact that one of them was the State. (Thus, subdivision [4] of CPLR 1602 is inapplicable.) If the jurisdictional restriction were applied, defendants would be penalized for failing to implead a party whom they could not implead and would be held liable for the culpability, if any, of the decedent’s employer. However, the underlying rationales of both article 16 and the Workers’ Compensation Law will be satisfied if the jurisdictional restriction is held not to be applicable here. A further benefit of this holding is that if defendants ultimately are held liable for only their respective shares of noneconomic loss under CPLR 1601, their claim for contribution against the State in the Court of Claims then will be limited solely to plaintiffs’ economic loss and further litigation would be minimized.
A third factor suggesting that CPLR 1601 should not be interpreted to bar proof of the State’s liability in this action is that, as an affirmative defense, CPLR article 16 has been held *862 to be inapplicable to a cause of action for wrongful death because such a claim involves economic loss (see, Ryan v Beavers, 170 AD2d 1045). Thus, since plaintiff here alleges both economic and noneconomic loss, proof of the State’s culpability would be admissible as to one part of plaintiff’s claim but not to the other. This would present intractable problems in instructing the jury as to how to apportion liability, particularly if the trial were bifurcated.
Finally, with regard to defendants’ motion for bifurcation, the court finds that bifurcation is unlikely to reduce the time spent in trial or to expedite settlement. Moreover, bifurcation may require the witnesses and parties to submit to three separate and largely repetitive proceedings. In any event, the complexity of the case is inherent in the nature of the liability alleged, and the issue of juror sympathy is routinely and successfully handled by appropriate court instructions. For these reasons, defendants’ motion is denied.
Accordingly, to permit as comprehensive a determination of relative fault as possible, proof of the State’s culpable conduct will be permitted and its proportional share will be included in the consideration of whether CPLR 1601 reduces any defendant’s liability for noneconomic loss to that defendant’s actual share. Plaintiff’s motion is denied and the earlier motion for bifurcation is denied. No motion costs are awarded.