■ ALFRED JOSEPH AYERS, III, Respondent, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Appellant, et al., Defendants. [7 NYS3d 136]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered February 6, 2014, which denied the motion of defendant the Dormitory Authority of the State of New York (DASNY) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff was injured when he jumped from the second floor of DASNY's building in an attempt to extinguish a fire that had started in a sidewalk shed that abutted the building. Plaintiff alleges that DASNY's negligence in leaving the sidewalk shed in disrepair and permitting students to smoke in the subject building were proximate causes of the fire.

DASNY, which holds title to the building, failed to meet its burden of establishing the absence of issues of fact surrounding duty, breach, and proximate cause. DASNY had a duty to keep the sidewalk shed safe (*see Ryan v Trustees of Columbia Univ. in the City of N.Y., Inc.*, 96 AD3d 551, 552 [1st Dept 2012]), and has failed to show that it did not have actual or constructive notice of either a hazardous condition on the sidewalk shed, namely the existence of construction debris and garbage, or the recurring condition of students smoking in the stairwells of the building and discarding lit cigarettes from the window (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Talavera v New York City Tr. Auth.*, 41 AD3d 135 [1st Dept 2007]).

There are also triable issues as to proximate cause, as DASNY has not shown the presence of an "extraordinary intervening act[ ]" that was "not foreseeable in the normal course of events" (*Monell v City of New York*, 84 AD2d 717, 718 [1st Dept 1981]). In view of the numerous factual issues presented on this record, we decline plaintiff's request that we search the record and award summary judgment in his favor. Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.