*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: August 13, 2015                    520426
_____

CAROL ARTIBEE et al.,
                    Respondents-
                    Appellants,

        v                                         OPINION AND ORDER

HOME PLACE CORPORATION,
                    Appellant-
                    Respondent.
_____

Calendar Date:   June 5, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        Brennan & White, LLP, Queensbury (Daniel J. Stewart of
counsel), for appellant-respondent.

        Towne, Ryan & Partners, PC, Albany (Robert Coughlin of
counsel), for respondents-appellants.

_____

McCarthy, J.P.

        Cross appeals from an order of the Supreme Court (Krogmann,
J.), entered November 10, 2014 in Warren County, which, among
other things, denied defendant's motion in limine for a jury
charge on apportionment.

        Plaintiff Carol Artibee and, derivatively, her spouse
commenced this negligence action in December 2011 seeking damages
from defendant.  Specifically, plaintiffs allege that, while
driving on a state highway, Artibee was injured when a branch
overhanging the highway from a tree located on defendant's
property fell and struck her vehicle.  Plaintiffs also commenced
an action in the Court of Claims seeking damages from the State

on the ground that it failed to properly maintain the trees along the highway. Here, defendant moved in limine to have the jury apportion liability for Artibee's injuries between defendant and the State. Supreme Court ruled that evidence with regard to the State's liability for Artibee's alleged damages would be admissible at trial, but denied defendant's request for an apportionment charge. These cross appeals ensued.[1]

"Under CPLR article 16, a joint tortfeasor whose culpability is 50% or less is not jointly liable for all of [a] plaintiff's noneconomic damages, but severally liable for its proportionate share" (Sommer v Federal Signal Corp., 79 NY2d 540, 554 [1992] [citation omitted]; accord Duffy v County of Chautauqua, 225 AD2d 261, 266 [1996], lv dismissed and denied 89 NY2d 980 [1997]; see CPLR 1601 [1]; Chianese v Meier, 98 NY2d 270, 275 [2002]). The provision was promulgated as a modification of the common-law theory of joint and several liability, the purpose of which was to "remedy the inequities created by joint and several liability on low-fault, 'deep pocket' defendants" (Rangolan v County of Nassau, 96 NY2d 42, 46 [2001]; accord Chianese v Meier, 98 NY2d at 275; see Mem of Att Gen, Bill Jacket, L 1986, ch 682 at 14). However, where potential tortfeasors are not joined in an action, the culpability of a nonparty tortfeasor may be imposed upon the named defendant if the plaintiff can show that he or she is unable to obtain jurisdiction over the nonparty tortfeasor (see

---

[1] Although generally "an order which merely limits the admissibility of evidence . . . constitutes . . . an advisory opinion which is neither appealable as of right nor by permission" (Vaughan v Saint Francis Hosp., 29 AD3d 1133, 1135 [2006] [internal quotation marks, brackets and citations omitted]), we find defendant's motion to be "the functional equivalent of a motion for partial summary judgment" (Madden v Town of Greene, 95 AD3d 1426, 1427 [2012] [internal quotation marks and citations omitted]) as to the issue of the State's liability in this action. The motion is therefore appealable because the resolution thereof limited the scope of the issues to be tried (see CPLR 5701 [a] [2] [iv], [v]; Vaughan v Saint Francis Hosp., 29 AD3d at 1135).

CPLR 1601 [1]). Here, plaintiffs do not face a jurisdictional limitation in impleading the State as a codefendant, but instead cannot do so due to the doctrine of sovereign immunity (see People ex rel. Swift v Luce, 204 NY 478, 487 [1912]; Duffy v County of Chautauqua, 225 AD2d at 267; NY Const, art VI, § 9; Siegel, NY Prac § 168C at 290 [5th ed 2011]). Plaintiffs' only recourse against the State is to pursue an action in the Court of Claims (see Court of Claims Act §§ 8, 9). Likewise, if defendant is found liable in Supreme Court, it could seek indemnification from the State relative to its share of actual culpability as an additional claimant in the subsequent Court of Claims action (see Bay Ridge Air Rights, Inc. v State of New York, 44 NY2d 49, 54 [1978]; see e.g. Fox v Tioga Constr. Co., 1 Misc 3d 909[A], *2, 2004 NY Slip Op 50012[U] [Sup Ct, Oneida and Albany Counties 2004]; Rezucha v Garlock Mech. Packing Co., 159 Misc 2d 855, 856 [Sup Ct, Broome County 1993, Rose, J.]).

CPLR 1601 (1) is silent in regard to whether the State's proportionate share of liability should be considered in calculating a defendant's culpability in an action like the one at bar, and we have never decided the issue. In an analogous context, however, where a nonparty tortfeasor has declared bankruptcy and cannot be joined as a defendant (see 11 USC § 362 [a]; Torre v Fay's, Inc., 259 AD2d 896, 897 [1999]), the liability of the bankrupt tortfeasor is apportioned with that of the named defendants because the plaintiff has failed to demonstrate that it cannot obtain personal jurisdiction over the nonparty tortfeasor, and equity requires that the named defendants receive the benefit of CPLR article 16 (see Kharmah v Metropolitan Chiropractic Ctr., 288 AD2d 94, 94-95 [2001]; Matter of New York City Asbestos Litig., 194 Misc 2d 214, 225-226 [Sup Ct, NY County 2002, Freedman, J.], affd 6 AD3d 352 [2004], lv dismissed 5 NY3d 849 [2005]; see also Duffy v County of Chautauqua, 225 AD2d at 267). Likewise, in cases where a joint tortfeasor enters a settlement agreement for its share of liability, nonsettling defendants are permitted to offset the greater share of the settlement amount or the released tortfeasor's equitable share of the damages against the amount of the verdict (see General Obligations Law § 15–108 [a]; see also CPLR 1601 [2]) based on the premise that nonsettling defendants "should not bear more than their fair share of a plaintiff's

loss" (Whalen v Kawasaki Motors Corp., U.S.A., 92 NY2d 288, 292 [1998]). Further, the prevailing view is that apportionment against the State is an appropriate consideration in determining the fault of a joint tortfeasor in Supreme Court (see e.g. Rezucha v Garlock Mech. Packing Co., 159 Misc 2d at 862; Allstate Ins. Co. v State of New York, 152 Misc 2d 869, 872-873 [Ct Cl, 1991, Corbett Jr., J.]; Siegel, NY Prac § 168C at 290; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1601:3). Legislative history supports this view, as consideration of the State's fault would prevent a jury from imposing full liability on a defendant in the absence of the option to apportion culpability between the two entities (see generally Chianese v Meier, 98 NY2d at 275; Rangolan v County of Nassau, 96 NY2d at 46; Mem of Att Gen, Bill Jacket, L 1986, ch 682 at 14). Moreover, as a policy matter, prohibiting a jury from apportioning fault would seem to penalize a defendant for failing to implead a party that, as a matter of law, it cannot implead (see People v Correa, 15 NY3d 213, 227-228 [2010]; Rezucha v Garlock Mech. Packing Co., 159 Misc 2d at 861).

Although we recognize the possibility of inconsistent verdicts as to the apportionment of fault in Supreme Court and in the Court of Claims, we note that this risk arises regardless of whether or not the jury is entitled to apportion liability between defendant and the State (see generally Baisley v Town of Kent, 111 AD2d 299, 300 [1985]). Given the statutory purpose of CPLR 1601 (1) to "limit[] a joint tortfeasor's liability for noneconomic losses to its proportionate share, provided that it is 50% or less at fault" (Rangolan v County of Nassau, 96 NY2d at 46), we find that juries in this scenario should be given the option to, if appropriate, apportion fault between defendant and the State.

Lynch and Devine, JJ., concur.


Egan Jr., J. (concurring in part and dissenting in part).

Although I agree that evidence of the State's wrongdoing, if any, is properly admissible at the trial of plaintiffs' negligence action in Supreme Court, I disagree with the majority

as to defendant's entitlement to an apportionment charge.

This case illustrates an archaic aspect of our state court system and is fodder for those who advocate for a single, Supreme Court level trial court. Here, plaintiffs claim that two negligent parties are responsible for their injuries. But, because one of those parties is the State, plaintiffs are forced to sue one alleged wrongdoer, i.e, defendant, in Supreme Court and the other alleged wrongdoer, i.e., the State, in the Court of Claims. It is bad enough that plaintiffs will have to try their case twice, but defendant also is placed at a disadvantage by virtue of (presumably) wishing to point the finger of blame at a party who is not – and cannot – be present in the courtroom. Viewed in this context, defendant's request for an apportionment charge was not unreasonable, but nonetheless posed a dilemma for Supreme Court.

Our adversarial, trial-by-jury system is based upon a full airing of the underlying facts and is best served by affording each litigant – represented by able counsel – an opportunity to present a spirited presentation or defense of its case. My fear here is that if we permit the requested charge and ask a jury (in the context of the Supreme Court action) to apportion fault (if any) between defendant, which will be present in the courtroom and which no doubt will present a vigorous defense, and the State, which, as the "constitutionally mandated empty chair" in the courtroom, can neither appear nor offer any defense, an unfair – or, at the very least, skewed – result will occur.[1] Against this backdrop, it is my sense that Supreme Court fashioned a reasonable solution to a difficult problem and, as such, I respectfully dissent as to the apportionment charge issue and would affirm Supreme Court's order in its entirety.

---

[1] Of course, any apportionment of fault against the State in the context of the Supreme Court action is of no moment, as such finding is not binding upon the Court of Claims, which at some point will hear and independently determine plaintiffs' claim against the State.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for a jury charge on apportionment; motion granted; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court