OPINION OF THE COURT
William J. Giacomo, J.
In this action for personal injuries sustained by the plaintiff, Derek Cabrera, as a result of the alleged negligence of the defendant, A-To-Z Signs, Inc., plaintiff moves in limine for an order precluding the defendant from asking the jury to apportion liability for plaintiff’s injuries between it and the State of New York including: (1) allowing the State to appear on the verdict sheet, (2) utilizing the “empty chair defense” in an effort to mitigate damages, and (3)[1] offering evidence that the plaintiffs have a separate action against the State of New York pending in the Court of Claims.
This action arises from an injury sustained by plaintiff, Derek Cabrera, on September 18, 2012 while a student at SUNY Purchase. On that date, plaintiff was severely injured while walking underneath a covered walkway on the main portion of the campus. The covered walkway had signs affixed to its ceiling which identified the various buildings intersecting the walkway. The signs, eight feet in length and 2V2 feet in height, weighed 27.5 pounds. The signs were installed by the defendant and affixed with cables attached to two existing eyebolts and secured with toggle anchors one on each section of the covered walkway. The eyebolts were used in hanging previous signs which were replaced by these signs. The previous signs were smaller and about five pounds lighter than the replacement signs. Defendant, A-To-Z Signs, installed the new signs using the existing eyebolt anchor system which had been in use for approximately 15 years as of the date of the accident.
On the date of the accident, plaintiff was walking along the covered walkway when the sign in front of the Dance Building fell from one side and struck Mr. Cabrera in the head.
Plaintiffs bring this action against defendant for negligence alleging it failed to properly install and secure the signs. Specifically, plaintiff claims defendant was negligent in using the preexisting old and worn eyebolt anchor system which was inadequate for its intended use. Plaintiff claims that the de *965 fendant failed to use reasonable care to ensure that the eyebolts were strong enough to withstand the weight of the new signs to ensure the safety of pedestrians walking under them.
Additionally, since the signs were owned by SUNY Purchase and the accident occurred on the campus of SUNY Purchase, an entity of the State of New York, plaintiff also brought an action against the State of New York which is pending in the Court of Claims. According to the doctrine of sovereign immunity, plaintiffs were forced to commence two separate actions—this action against A-To-Z Signs in the Supreme Court and a second action against SUNY Purchase in the Court of Claims. (See Court of Claims Act § 9.)
In this action defendant seeks to have the jury apportion liability for plaintiffs injuries between it and the State. Defendant claims that since it has pleaded as an affirmative defense the provisions of CPLR 1601[2] it is entitled to have evidence of the State’s liability for the design of the anchoring system put before the jury and further to have the jury apportion liability between defendant and the State of New York. In doing so, defendant claims that the State must appear on the verdict sheet so that such apportionment can be made.
*966 Plaintiffs oppose the defendant’s application and move in limine to have the court deny defendant the opportunity to seek apportionment. Plaintiffs claim that they face a jurisdictional limitation in bringing the State in as a codefendant in this action and, therefore, if this court allows the jury to apportion fault between defendant, A-To-Z Signs, and a nonparty, State of New York, plaintiffs will be severely prejudiced. Specifically plaintiffs claim defendant, A-To-Z Signs, will be present in the courtroom and the State of New York will be present only as an “empty chair” defendant who can neither appear nor offer any defense to defendant’s claim. Plaintiffs believe this is patently unfair and prejudicial to them. Plaintiffs claim, at the very least, the end result will foster a skewed result and an inconsistent verdict as to the apportionment of fault in the Supreme Court and in the Court of Claims. Furthermore, plaintiffs argue that to allow apportionment will force them to try their case twice with the defendant being placed in the advantageous position of pointing the finger of blame at a party who is not and cannot be present in the courtroom to defend itself which will result in a diminished recovery for the plaintiff.
Furthermore, plaintiffs claim they will be in the contradictory position of defending the State in this action so that the defendant will be held liable while at the same time intending to blame the State in the Court of Claims.
In support of its opposition to plaintiff’s motion in limine, defendant relies on the Third Department’s decision in Artibee v Home Place Corp. (132 AD3d 96 [3d Dept 2015]). The parties were unable to provide this court with any appellate decision rendered by the Second Department.
In Artibee v Home Place Corp., plaintiff was injured when a branch overhanging a state highway from a tree located on defendant’s property fell and struck her vehicle. Plaintiff commenced an action against the homeowner who owned the tree and a separate action in the Court of Claims seeking damages from the State on the ground that it failed to properly maintain the trees along the highway. During the trial, defendant moved in limine to have the jury apportion liability for the plaintiff’s injuries between it and the State. The trial court ruled that evidence with regard to the State’s liability for plaintiff’s alleged damages would be admissible at trial, but denied the defendant’s request for an apportionment charge and apportionment on the verdict sheet.
*967 In a 3-1 decision, the Appellate Division, Third Department reversed the trial court’s determination. It ruled the trial court properly allowed the defendant to put evidence before the jury with regard to the State’s culpability, but incorrectly denied the defendant an apportionment charge and to have the State appear on the verdict sheet so the jury could apportion liability.
In conducting its analysis, the Appellate Division, Third Department noted that while there are no Appellate Division decisions on this issue, “the prevailing view [in the lower courts] is that apportionment against the State is an appropriate consideration in determining the fault of a joint tortfeasor in Supreme Court” (id. at 99, citing Rezucha v Garlock Mech. Packing Co., 159 Misc 2d 855 [Sup Ct, Broome County 1993], and Allstate Ins. Co. v State of New York, 152 Misc 2d 869, 872-873 [Ct Cl 1991]).
The Third Department noted that although CPLR 1601 is silent regarding whether the State’s proportionate share of liability should be considered in calculating the defendant’s share of liability, there are several analogous scenarios in which the State’s conduct is considered. (Id. at 99.) Notably, when a nonparty tortfeasor has declared bankruptcy and, therefore, cannot be joined in a tort action, the nonparty tortfeasor’s liability is considered and apportioned (see Kharmah v Metropolitan Chiropractic Ctr., 288 AD2d 94, 94 [1st Dept 2001] [“(W)hile the bankrupt defendants will not participate in the trial, equity requires that defendants-appellants have the benefit of CPLR article 16 rights, even though there is an automatic stay by virtue of the bankruptcy”]). The Third Department also noted that in cases where certain defendants have settled with plaintiff, the liability of those nonparty defendants is considered and apportioned (see Whalen v Kawasaki Motors Corp., U.S.A., 92 NY2d 288, 292 [1998]; see also Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 254 [2d Dept 2012] [“The assessment of a defendant’s equitable share, as a percentage of the total liability assigned to ‘all persons liable’ (CPLR 1601 [1]), must take account of not only persons who are parties to the action, but also persons who are nonparties over whom jurisdiction could be obtained”]).
The Third Department also relied on legislative history for support for the view that as a policy matter in cases involving the State of New York “prohibiting a jury from apportioning fault would seem to penalize a defendant for failing to implead a party that, as a matter of law, it cannot implead” (Artibee at 100).
*968 Further, although acknowledging the possibility of inconsistent verdicts as to the apportionment of fault in Supreme Court and the Court of Claims, the Third Department noted that the risk arises regardless of whether or not the jury is entitled to apportion liability between the defendant and the State. Accordingly, the Third Department reversed the trial court’s ruling for failing to give an apportionment charge and for the State to appear on the verdict sheet.
In the absence of a decision from the Second Department, this court must look to the decisions of other Departments for guidance especially if the facts create the same legal problem. (See generally Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d 799, 819 [2015].) In this case, the facts of Artibee are similar to the facts in this case, therefore, this court will follow the reasoning of the Third Department and allow the defendant to introduce evidence to the jury of the State’s liability, if any, and in addition will charge the jury with regard to apportionment of liability and the State will appear on the verdict sheet.

. The third issue was resolved by stipulation of the parties and the jury was informed about plaintiff’s pending action in the Court of Claims.

. “§ 1601. Limited liability of persons jointly liable
“1. Notwithstanding any other provision of law, when a verdict or decision in an action or claim for personal injury is determined in favor of a claimant in an action involving two or more tortfeasors jointly liable or in a claim against the state and the liability of a defendant is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such defendant to the claimant for non-economic loss shall not exceed that defendant’s equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss; provided, however that the culpable conduct of any person not a party to the action shall not be considered in determining any equitable share herein if the claimant proves that with due diligence he or she was unable to obtain jurisdiction over such person in said action (or in a claim against the state, in a court of this state); and further provided that the culpable conduct of any person shall not be considered in determining any equitable share herein to the extent that action against such person is barred because the claimant has not sustained a “grave injury” as defined in section eleven of the workers’ compensation law.
“2. Nothing in this section shall be construed to affect or impair any right of a tortfeasor under section 15-108 of the general obligations law.”