Ayers v Dormitory Auth. of the State of N.Y. (2018 NY Slip Op 06626)





Ayers v Dormitory Auth. of the State of N.Y.


2018 NY Slip Op 06626


Decided on October 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2018

Friedman, J.P., Sweeny, Kapnick, Gesmer, Singh, JJ.


7237 116404/07

[*1]Alfred Joseph Ayers, III, Plaintiff-Appellant,
v
The Dormitory Authority of the State of New York, Defendant-Respondent, The City of New York, et al., Defendants.


Steven L. Salzman, P.C., New York (David S. Gould of counsel), for appellant.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York (Joel M. Maxwell of counsel), for respondent.



Judgment, Supreme Court, New York County (Debra A. James, J.), entered August 31, 2016, after a jury trial, in favor of defendant Dormitory Authority of the State of New York and against plaintiff, unanimously affirmed, without costs.
Plaintiff was injured when he jumped from the second floor of a building onto an attached sidewalk shed in an attempt to extinguish a fire on the shed. The building was owned by defendant Dormitory Authority of the State of New York (DASNY) and occupied by the City University of New York at Hunter College. Plaintiff claims that DASNY was responsible for causing the fire through its negligence in allowing rubbish to accumulate on the shed and/or failing to remedy the recurrent condition of students smoking in the stairwells and discarding their lit cigarettes out of the window and onto the shed. After trial, the jury returned a verdict in DASNY's favor.
Defendant's counsel's alleged misconduct did not rise to the level of egregiousness sufficient to warrant setting aside the verdict (see Smith v Rudolph, 151 AD3d 58, 63 [1st Dept 2017]; Morency v Horizon Transp. Servs., Inc., 139 AD3d 1021, 1023 [2d Dept 2016], lv dismissed 28 NY3d 947 [2016]).
The jury charge accurately stated the scope of DASNY's duty. The trial court instructed that DASNY had a duty to keep the shed safe and that it breached this duty to the extent it "knew or should have known" of the recurrent condition of students smoking and discarding lit cigarettes. This instruction is consistent with our prior articulation of DASNY's duty (see Ayers v Dormitory Auth. of the State of N.Y., 127 AD3d 586 [1st Dept 2015]).
The trial evidence does not demonstrate conclusively whether DASNY was an out-of-possession landlord bearing no responsibility for events occurring entirely inside the building (see Gronski v County of Monroe, 18 NY3d 374, 379-81 [2011]). However, DASNY's duties (if any) with respect to the inside of the building are not relevant to the instant case, which concerns only a fire on the shed. To the extent any conduct occurring inside the building is relevant to plaintiff's claims, it is the fact of students smoking and throwing lit cigarettes out the window, and that conduct was properly highlighted in the charge.
Plaintiff failed to demonstrate that circumstances existed under which DASNY had an affirmative duty to conduct reasonable inspections of the premises (see Rossal-Daub v Walter, 97 AD3d 1006, 1007 [3d Dept 2012]; see also Singh v United Cerebral Palsy of N.Y. City, Inc., 72 AD3d 272, 276 [1st Dept 2010]). Hayes v Riverbend Hous. Co., Inc. (40 AD3d 500 [1st Dept 2007], lv denied 9 NY3d 809 [2007]), on which plaintiff relies, is inapposite, since the instant case is devoid of any "object capable of deteriorating" that was "concealed from view" (id. at [*2]501).
The court properly denied plaintiff's request for a special verdict sheet. Davis v Caldwell (54 NY2d 176 [1981]), on which plaintiff relies, is inapposite, since there is no claim that any of plaintiff's theories of negligence should not have been submitted to the jury (see also Suria v Shiffman, 67 NY2d 87, 96 [1986]).
The court providently exercised its discretion in permitting defendant to amend its answer during trial to include a defense based on General Obligations Law § 15-108(a), since there is no evidence that the amendment caused prejudice to plaintiff (see Whalen v Kawasaki Motors Corp., U.S.A., 92 NY2d 288, 293 [1998]; see also CPLR 3025[b]). Plaintiff argues that allowing the amendment altered his trial preparation, but fails to articulate how his preparation was altered.
While the law of apportionment of liability under CPLR 1601 has changed since the time of trial (see Artibee v Home Place Corp., 28 NY3d 739 [2017], modfg 132 AD3d 96 [3d Dept 2015]), any error in the court's charge allowing such apportionment was harmless, since the jury never reached the issue (see John W. Cowper Co. v Buffalo Hotel Dev. Venture, 72 NY2d 890, 892-93 [1988]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 4, 2018
CLERK